BRILL v. BRILL.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

DIVORCE (§ 311*)—SUPPORT OF CHILD—CONTEMPT.

> A judgment of divorce directed the husband to pay $20 a week to the wife for the support of a son of the parties. He paid the sum until the wife refused to give the son any money for car fare and lunches to enable him to attend school. The son, 17 years old, desired to continue in school, and the husband gave him $2 a week for car fare and lunches, and paid the balance of the monthly allowance directly to the wife. *Held* that, though the husband was guilty of violating the judgment, his act did not prejudice any right of the wife, within Judiciary Law (Laws 1909, c. 35 [Consol. Laws 1909, c. 30]) §§ 770, 773, and the court should not punish him for contempt.
>
> [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 799, 805; Dec. Dig. § 311.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Ray B. Brill against Abraham Brill. From an order adjudging defendant guilty of contempt of court for failing to pay alimony, he appeals. Reversed.

See, also, 131 N. Y. Supp. 1106.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

I. N. Jacobson, for appellant.

Isidor Neuwirth, for respondent.

MILLER, J. The respondent was granted a final judgment of divorce on May 17, 1907, which required the defendant to pay her

———

the sum of $45 weekly for her support and the support and education of their son. That judgment was modified on June 29, 1908, by striking out the provision for the payment of $45 a week alimony and substituting in lieu thereof a provision requiring the payment of $20 weekly for the support, maintenance, and education of Leighton K. Brill, the son of the plaintiff and the defendant. The defendant paid the $20 weekly to the plaintiff until the fall of 1910, when it appears without dispute that the plaintiff desired the son, who was 17 years of age, to cease going to school and to go to work. The son desired to continue in school for at least another year, but the plaintiff refused to give him any money for car fare and lunches, whereupon the defendant, who wished his son to continue in school, gave him $2 a week, a very reasonable sum, for car fare and lunches, and paid the balance of the $20 directly to the plaintiff. The plaintiff waited until the arrearages amounted to $84, when she instituted this proceeding.

There can be no doubt but that the defendant has violated the order directing him to pay the sum of $20 weekly to the plaintiff. If the plaintiff failed to properly apply that to the support, maintenance, and education of the son, the defendant should have applied to the court for a modification of the judgment, and in departing from the plain terms of the judgment he incurred the hazard of being punished for contempt, even though he acted in good faith. It does not follow, however, that the court was bound to punish him for contempt, and in a proceeding for a civil contempt the court could not even do so without adjudging that the defendant's disobedience of the order was calculated to, or actually did, defeat, impair, impede, or prejudice the rights of the plaintiff. Judiciary Law (Laws of 1909, c. 35 [Consol. Laws 1909, c. 30]) § 770; Fisher v. Raab, 81 N. Y. 235. The fine imposed is to indemnify the aggrieved party. Id. § 773. Upon the conceded facts, no right or remedy of the plaintiff has been defeated, impaired, impeded, or prejudiced. She has not suffered any injury for which she may be indemnified. In the receipt of a weekly allowance of $20 for the support, maintenance, and education of a boy 17 years of age, she should certainly have allowed him to continue in school. The defendant, in technical disobedience of the court's judgment, has given money directly to the boy which should have reached him through the medium of the mother. But in doing directly what the plaintiff ought to have done herself, the defendant did not defeat, impair, impede, or prejudice any right of the plaintiff, or injure her in any way.

The order should be reversed, and the motion denied, without costs.

INGRAHAM, P. J., and LAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.