MAUDE H. C. DAVIS, Respondent, *v.* WILLIAM H. DAVIS,
Appellant.

Third Department, February 28, 1921.

**Husband and wife — action for separation — right to temporary
alimony and counsel fees where valid separation agreement in
existence.**

Counsel fees and alimony *pendente lite* should not be granted in an action for
separation where it is necessary for the plaintiff to set aside a prior separa-
tion agreement before legal separation can be asked; the question of the
validity of the separation agreement cannot be tried on affidavits.

APPEAL by the defendant, William H. Davis, from an order
of the Supreme Court, made at the Madison Trial and Special
Term and entered in the office of the clerk of the county of
Madison on the 11th day of May, 1920, allowing plaintiff $150
counsel fee and $30 a month alimony during the pendency of
the action.

*Brown & Woolver* [*Edwin J. Brown* of counsel], for the
appellant.

*George B. Russell*, for the respondent.

KILEY, J.:

Previous to the 6th day of August, 1903, the plaintiff in
this action brought an action in the Supreme Court for separa-
tion from the defendant; the defendant answered in that action
demanding affirmative relief against the plaintiff. While such
action was at issue and before trial the parties reached an
adjustment on terms which were incorporated in a written
agreement of separation entered into between the parties
hereto and a third party. That agreement is set forth in the
complaint in this action and is before us upon this appeal.
Among the provisions pertinent here are the following: " That
they [husband and wife, parties to that action and parties to
this action] *have been living separately for the year last past.*"
" The said William H. Davis hereby agrees that he will pay
at the time of the execution of this agreement to his said wife

[the plaintiff in the former action and in this action] the sum of $1,250.00, which shall be and is hereby mutually agreed to be in full for the support and maintenance of his said wife and child, * * * which said sum the said Maude H. C. Davis does hereby agree to accept and take in full satisfaction of her support and maintenance and alimony and costs of said action." "And the said Maude H. C. Davis, in consideration of the payment and covenants aforesaid, does hereby agree that she will live separate from the first party and will not make demands, claims or institute any action or special proceeding of any nature with the purpose of charging or collecting from her said husband, for her support and maintenance, or necessities of life, and will not interfere or disturb him in any manner whatsoever." The parties lived separate and apart under this contract for about seventeen years; defendant paid his money and performed under its terms. No claim to the contrary was made until April, 1920, when plaintiff brought this action. It is apparent that plaintiff was advised and realized that, so far as getting any more money from the defendant through the instrumentality of a judgment, she would have to get rid of that agreement made in 1903. She seeks to do that upon three grounds which are set up in the complaint: *First.* That the contract was made while plaintiff and defendant were living together as man and wife; that it provided for their separation, and was, therefore, against public policy. *Second.* That at the time of the execution, acknowledgment and delivery of the separation agreement, and the payment to and acceptance of the money by her, she was incompetent to understand the nature and effect of the act. *Third.* That it was procured by fraud and duress. Defendant's answer controverts each material allegation of the complaint and puts them in issue. Plaintiff made a motion for alimony and counsel fee, and by an order of the Supreme Court at Trial Term was allowed $30 a month alimony and $150 counsel fee. Defendant took this appeal, and urges that the contract of 1903, above referred to, saves him harmless until it is set aside; that the questions of fact created by the pleadings cannot be tried and determined upon affidavits. He is right. The contract set out by the plaintiff in her complaint is a legal contract and stands until set aside.

The separation part of the action does not come in until the setting aside of the contract is an accomplished fact. The court was in error in allowing counsel fee or alimony. A similar situation was under consideration in *Greenfield* v. *Greenfield* (161 App. Div. 573). Should the plaintiff succeed in her action, upon which we express no opinion, then the amount she shall receive, if anything, will properly be a subject for consideration by the trial court. This agreement, if made after separation, was valid. (*Winter* v. *Winter*, 191 N. Y. 462.) By its terms plaintiff agreed it stated the true facts at the time. Evidence tending to show that it does not state the true facts must be given by witness under oath in court and subject to cross-examination, and cannot be considered when presented by affidavits.

The order appealed from should be reversed, but without costs.

All concur.

Order reversed, without costs.