Vera Barrett, Appellant, *v.* Arthur Barrett, Respondent.

Fourth Department, November 23, 1927.

**Husband and wife — alimony — contempt — award of alimony in original decree was made on basis that plaintiff care for two children — defendant has cared for one child and paid part of alimony — denial of motion to punish not abuse of discretion by court — court had no power under motion made, to reduce alimony and direct that part paid should be considered in full.**

The Special Term did not abuse its discretion in refusing to punish the defendant for contempt in failing to pay in full alimony granted, since it appears that the original award of alimony was made on the basis that the plaintiff would care for the two children of the marriage, and since it further appears that the defendant has had the custody of and has entirely supported one of the two children and has paid a part of the alimony. The contempt was technical only and the defendant should not be punished therefor.

The court had no power, however, under the motion made, to reduce the allowance of alimony and to determine that the alimony paid by the defendant should stand in full of all payments required by the original award.

Appeal by the plaintiff, Vera Barrett, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 5th day of July, 1927, denying plaintiff's motion to punish the defendant for contempt and granting the defendant certain affirmative relief.

*MacFarlane & Harris* [*William MacFarlane* of counsel], for the appellant.

*William MacLean* [*Joseph R. Webster* of counsel], for the respondent.

Per Curiam. Defendant having failed to make the payments awarded by the court for temporary alimony, was guilty of contempt and subject, in the discretion of the court, to punishment therefor.

It appeared that he had the custody of and had entirely supported one of the two children, for whose care by plaintiff the order contemplated and had provided. The learned justice, by whom the motion to punish was heard, felt that plaintiff having been relieved by defendant from support of one of the children, his partial default in payment was not such as to impair, impede or prejudice the rights of the wife; that the contempt was technical only and that he should not be punished therefor.

Denial of punishment was within his power (*Brill* v. *Brill,*

148 App. Div. 63) and we do not consider his refusal in this instance an abuse of discretion.

In so far, however, as the order appealed from assumes to direct that the payments theretofore made should stand in full of all payments required by the order fixing alimony, and also reduced the amount of the future payments, we think it unauthorized.

The motion was one to punish for contempt; defendant interposed no cross-motion whatsoever. The only question presented was that of plaintiff's motion. Affirmative relief to defendant was neither asked nor necessary to meet the matter submitted.´ Doubtless the equities appealed as favoring defendant; the Special Term for Motions has not, however, general equity jurisdiction.

For these reasons the order appealed from should be modified by striking therefrom the provisions providing that the payments theretofore made should be in full to date of all payments required by the order and that in the future the defendant should pay but six dollars per week, and as so modified affirmed, without costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Order modified by striking therefrom the provisions providing that the payments theretofore made should be in full to date of all payments required by the order and that in the future the defendant should pay but six dollars per week, and as so modified affirmed, without costs on this appeal to either party.