ANTOINETTE L. HOLAHAN, Plaintiff, *v.* JAMES T. HOLAHAN, Defendant.

Supreme Court, Monroe County, July 14, 1930.

*Wile, Oviatt & Gilman,* for the plaintiff.

*Walter S. Forsyth,* for the defendant.

RODENBECK, J.   There is no authority for modifying the allowance in the final decree.   The parties are bound by the provisions made in their contract.   This allowance cannot be changed so long as the contract remains in force.   Where parties have agreed, in a written contract with reference to an allowance to be granted in a divorce decree, it is binding upon the court, except as to the support of children.   The allowance made in the final decree is merely a confirmation of the amount provided for in the contract. It does not supersede the contract.

This motion is an application in the action, and in the separation agreement of April 7, 1928, the defendant agreed that he would not " in any action or proceeding, or in any manner, apply for a modification of the terms of this agreement or for a decrease of the allowance herein provided," and further agreed that if the plaintiff should be relieved of the burden of the care and maintenance of the children, it should " not be used as a means or basis of procuring a decrease or a reduction of the amount hereinbefore provided to be paid to her."   The agreement has not been repudiated by either side, but confirmed, so far as allowances are concerned, by insertion in the decree of divorce.   No action has been brought to set aside the separation agreement.   So long as it stands, the parties are bound by it, and the court cannot, on a motion of this character, or in an action not specifically brought for that purpose, set aside or modify

the agreement. (*Galusha* v. *Galusha*, 116 N. Y. 635; 138 id. 272; *Grube* v. *Grube*, 65 App. Div. 239; *Pye* v. *Pye*, 167 id. 951; *Grissler* v. *Grissler*, 209 id. 480, 483; *Stoddard* v. *Stoddard*, 227 N. Y. 13, 20; *Randolph* v. *Field*, 165 App. Div. 279.) There is nothing to indicate that the provisions in the decree relating to the allowance should supersede the terms of the agreement on this subject. The defendant, in the agreement, fixed the amount of allowance and consented to the insertion of such allowance in the decree of divorce. The parties were not merely fixing the amount of the allowance to be inserted in the decree. The defendant may institute an action to set aside the contract, and, if successful, may then move to decrease the amount of allowance set forth in the decree.

Motion denied, with ten dollars costs.