THOMAS E. SHEA, as Trustee in Bankruptcy of the Estate of IRVING SPITZER & COMPANY, INC., Respondent, *v.* FALLS CANNING COMPANY, Appellant.

First Department, January 30, 1931.

*Samuel D. Jones* [*J. Chris. Murray* with him on the brief], for the appellant.

*Alexander P. Blanck*, for the respondent.

MARTIN, J. The plaintiff, a trustee in bankruptcy, seeks to recover the value of certain merchandise transferred by the bankrupt to the defendant, thereby preferring the latter over its other creditors in violation of the United States Bankruptcy Act.

Attached to the complaint is a copy of an order of the referee in bankruptcy disallowing the defendant's claim. The recitals in the order set forth that the defendant, within four months prior to the filing of the petition herein, received from the bankrupt certain merchandise of the agreed price and reasonable value of the sum of $9,413.25 as collateral security for an existing indebtedness of the bankrupt to the defendant.

The order in the proceeding before the referee and now before us provides as follows: " Ordered and adjudged that the claim of Falls Canning Co., Inc., heretofore filed in the sum of $1,853.52 be and the same is hereby disallowed and expunged."

The respondent's contention upon this appeal is that *the recitals* in the final order admittedly made in the proceeding between the parties in the United States court are binding and conclusive upon the defendant in this action, and that all the material allegations of the second cause of action were either admitted to be true or the issues raised therein admitted to have been duly adjudicated, and, therefore, there was no triable issue raised by the answer.

The appellant contends that the proceeding in the United States District Court resulted in a final and binding adjudication of all the issues pleaded in the second cause of action except the issue of value of the merchandise found to be transferred in violation of the · Bankruptcy Act. As to the issue of value, while not denying that evidence on the subject was duly offered in the proceeding in the United States court, appellant argues that there was no binding adjudication because the question was not material to the issues in that proceeding.

The sole question involved on this appeal is whether the order of

the referee in bankruptcy is *res adjudicata* in a subsequent action in which the trustee in bankruptcy seeks to recover a preference. It is contended by the appellant and we believe rightly so, that the order is conclusive only to the extent of holding that there was a preference. It was unnecessary to prove or find the value of the goods other than to determine there was a preference. The proof of value is often very perfunctory and sufficient only to determine the question whether there was a preference. There may be cases where the referee is called upon to pass upon the value of goods. In such a case it may be that under certain circumstances his decree would be conclusive, but in a case of this character where the referee was not called upon to decide the question of the value of the goods and where his sole duty ended in holding that there was a preference, we do not believe his decree is binding or *res adjudicata* in a subsequent action brought to recover upon the preference, where it involves the value of the goods which it is claimed were given as a preference. The value of the goods may be litigated at a subsequent trial.

The law on the subject is set forth in *Rudd* v. *Cornell* (171 N. Y. 114, 127), where the court said: " It is settled by the decisions of this court that a judgment is conclusive in a second action only when the same question was at issue in a former suit and the subsequent action was between the same parties or their privies, and that the conclusive character of a judgment extends only to the precise issues which were tried in the former action; they must be identical in each action, not merely in name, but in fact and in substance, and the party seeking to avail himself of a former judgment must show affirmatively that the question involved in the second action was material and actually determined in the former, as a former judgment will not operate as an estoppel as to immaterial or unessential facts, even though put in issue and directly decided. In other words, a former judgment is final only as to the facts which are actually litigated and decided, which relate to the issue therein, and the determination of which was necessary to the determination of that issue. (*Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635, 651.) A judgment is conclusive upon the parties only in respect to the grounds covered by it and the facts necessary to uphold it, and although a decree, in express terms, professes to affirm a particular fact, yet, if that fact was immaterial to the issue and the controversy did not turn upon it, the decree will not conclude the parties in reference to such fact. (*People ex rel. Reilly* v. *Johnson*, 38 N. Y. 63.) "

In *McCulloch* v. *Davenport Savings Bank* (226 Fed. 309) the court said: " So, under the foregoing, I am required to hold that,

in so far as the referee was required to pass upon the facts in order to decide the matter before him, his finding upon such facts is conclusive. It was necessary for the referee to pass upon every question presented upon this trial, except the question of value. I do not believe that it was necessary for him to make a specific finding as to the value of the automobiles. * * *

" It does not appear that the defendant has disposed of the automobiles, so that the order will be that the same be turned over to the trustee. If this order cannot be complied with, because the same have been disposed of, and if a showing of such inability is made, the court will then determine the value upon evidence presented by both sides."

The decision in *Lincoln* v. *People's National Bank* (260 Fed. 422) is not an authority to the effect that a finding by the referee is conclusive as to the value of goods. It was there held that the decision of the referee holding that there was a preference and directing the return of the goods, where no appeal was taken, rendered the question *res adjudicata*. Therefore, the creditor could not relitigate it in another action to recover the preference. The rule is stated in that case to be that where the identical question involved in the subsequent action was necessarily involved in the proceeding before the referee, to which the defendant was a party and in which it took part, and where the question was decided adversely to the claim of the defendant, it cannot be relitigated.

In the proceeding before the referee here under consideration, the value of the goods was not involved. The only question there involved was the question of a preference which did not require a decision either as to the reasonable value or the agreed price of the merchandise.

We are of the opinion, therefore, that the judgment and order appealed from, granting judgment on the pleadings, should be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., O'MALLEY and SHERMAN, JJ., concur; MERRELL, J., dissents.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.