ANTOINETTE L. HOLAHAN, Appellant, v. JAMES T. HOLAHAN, Respondent.

Fourth Department, March 9, 1932.

*J. Emmett O'Brien,* for the appellant.

*Walter S. Forsyth,* for the respondent.

SEARS, P. J.   The plaintiff and defendant were formerly married, but have been divorced by a judgment of the Supreme Court. The interlocutory judgment of divorce was dated the 30th day of April, 1928, and became final three months later.   The interlocutory judgment shows that the parties have five living children, of whom the custody was awarded to the plaintiff.   The following provision for alimony and maintenance was included in the judgment: " Ordered, adjudged and decreed that the defendant, James T. Holahan, pay to the plaintiff, Antoinette L. Holahan, the sum of Eight Thousand Dollars ($8,000.00) per year, payable One Hundred Dollars ($100.00) weekly, and Two Thousand Eight Hundred Dollars ($2,800.00) annually, the first of said annual payments of Two Thousand Eight Hundred Dollars ($2,800.00) to be made on April 1st, 1929, at Rochester, New York, for the support of herself and said children until and after final judgment herein,   *   *   *."

In 1930 the plaintiff made a motion to docket a judgment for $2,800 for the alimony and maintenance payment which was due on April 1, 1930, and had not been met.   At the same time the defendant moved for a modification of the allowance of alimony. On the return of these motions the judgment was ordered docketed, and the defendant's motion for modification was denied on the ground that the defendant being in default in making payment was not in position to ask for modification.   The defendant then paid the amount in arrears and at once renewed his motion.   In opposition to this motion of the defendant it was shown by the plaintiff that the amount of alimony and maintenance provided in the interlocutory judgment was the same as that contracted to be paid by the defendant in a separation agreement in writing.

The motion of the defendant was denied at the Special Term and it was stated in the opinion filed upon the denial of the motion that the separation agreement, as long as it remained a subsisting contract, unaffected by judicial decree, deprived the court of power to alter the alimony and maintenance provision contained in the interlocutory judgment. (137 Misc. 706.) Another year passed, and the defendant again defaulted upon the $2,800 payment due April 1, 1931. The plaintiff moved to punish the defendant for contempt for the failure to make this payment and the defendant made a countermotion based on a showing of reduced salary and increased responsibilities, including the support of a second wife and infant children, to reduce the alimony and maintenance awarded in the interlocutory judgment. These motions were decided together in the order from which the plaintiff has appealed. The court denied the plaintiff's motion to punish the defendant for contempt, " pending the report of the referee hereinafter named," appointed " to hear, try and determine the financial circumstances of these parties " and to report to the court " his determination of the financial condition of the parties hereto, as a basis for this court to fix and determine what is a fair amount of alimony for this defendant to be required to pay."

It is undisputed that the defendant is in default in the payment of alimony and maintenance, and as such must be adjudged in contempt. The character of the punishment which should be imposed rests in the discretion of the court, and the financial condition of the defendant and his responsibilities may have some bearing in determining the nature and the details of the punishment. (*Barrett* v. *Barrett*, 221 App. Div. 710; *Brill* v. *Brill*, 148 id. 63.)

The motion to punish should not, therefore, have been denied, but the contempt should have been adjudicated and the determination of the punishment withheld until the coming in of the referee's report.

As to the defendant's motion made by permission of the court granted in accordance with the provisions of section 1170 of the Civil Practice Act to modify the allowance of alimony and maintenance contained in the interlocutory judgment, we shall be better able, after considering the referee's report, to say whether there is reason why the general rule denying such relief to one in default should not be applied. (*Brice* v. *Brice*, 225 App. Div. 453; *Brinkley* v. *Brinkley*, 47 N. Y. 40.) The covenants of the separation agreement are, however, not an insuperable obstacle to obtaining relief by modification of the allowances. (*Kunker* v. *Kunker*, 230 App. Div. 641; *Tirrell* v. *Tirrell*, 232 N. Y. 224;

*Harding* v. *Harding*, 203 App. Div. 721; affd., 236 N. Y. 514.) The determination of the questions relating to the defendant's plea for a reduction of the payments charged against him for alimony and maintenance, and relating to the effect of the earlier order denying an application for modification, should be postponed until the coming in of the referee's report and then be made at the same time that the character of the punishment for contempt is adjudged.

The order should, therefore, be modified in accordance with this opinion, and as modified affirmed, without costs of this appeal to either party.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order modified in accordance with the opinion, and as modified affirmed, without costs of this appeal to either party.