ESTELLA CARD, Plaintiff, *v.* MYRON CARD, Defendant.

Supreme Court, Special Term, Broome County, May 22, 1939.

*Becker & Mossew,* for the plaintiff.

*Truman & Bassett,* for the defendant.

PERSONIUS, J. The plaintiff and defendant were married March 24, 1891. About January 31, 1931, they entered into a separation agreement which recited that they had been living separate and apart for about one year. It contained the usual provisions and also provided that the plaintiff should own certain personal property and that the defendant pay the plaintiff the sum of $200, which was paid.

It further appears that this defendant, about 1933, obtained a divorce in the State of Pennsylvania, on a petition alleging desertion by this plaintiff in 1930. Service was made by publication only. On or about October 10, 1938, the defendant remarried in the State of New York and since that date has been living with his second wife. The plaintiff alleges this relationship as her ground for divorce.

The parties have five adult children.

The defendant avers that in February, 1930, this plaintiff left his home, abandoned him and did not return; that thereafter he took up his residence in Pennsylvania and continued to reside there until the spring of 1935; that he did not vote in New York State but did vote in the State of Pennsylvania, paying the poll tax there from 1930 to 1935; that during this period, and in 1933, he obtained his divorce and remarried in New York State in October, 1938.

The plaintiff denies (1) that she abandoned the defendant, and (2) that the defendant was a *bona fide* resident of the State of Pennsylvania when the divorce was granted.

There being a valid and subsisting separation agreement between the parties, temporary alimony is not allowed. (*Davis* v. *Davis,* 195 App. Div. 430; *Rosenblatt* v. *Rosenblatt,* 209 id. 373; *Aigner* v. *Aigner,* 211 id. 834; *Holohan* v. *Holohan,* 137 Misc. 706; *Galusha* v. *Galusha,* 116 N. Y. 635.) It cannot be said that the agreement is void upon its face because without any consideration, as in *Dworkin* v. *Dworkin* (247 App. Div. 213). Particularly is this true in view of the practical construction which the plaintiff seems to have placed on the agreement by making no effort to obtain support since its execution.

As to counsel fees, allowance thereof depends upon the establishment of a presently-existing relationship of husband and wife.

The separation agreement provides that the parties may live separate and apart from each other as if each were sole and unmarried.

If when this defendant obtained his Pennsylvania divorce he was " validly domiciled " in Pennsylvania, and this plaintiff's absence was " legally unjustifiable " (both of which facts are in issue here), his Pennsylvania divorce would seem to be valid in New York. (*Matter of Bennett,* 135 Misc. 486, 493; *North* v. *North,* 47 id. 180; affd., 111 App. Div. 921; appeal dismissed, 192 N. Y. 563; *Weir* v. *Weir,* 131 Misc. 13, 20; *Rocco* v. *Rocco,* Id. 867; *Giuliano* v. *Giuliano,* 163 id. 655, 657; *Matter of Trippodo,* 161 id. 542, 544; *Richards* v. *Richards,* 132 id. 551, 553; *Campbell* v. *Campbell,* 164 id. 647, 649; 39 A. L. R. 651.) We have found, and our attention is called, to no decision of our Court of Appeals. The effect of a foreign divorce in favor of one validly domiciled in the foreign State, and the effect of such a divorce where the parties are living separate by consent, seems to have been left undetermined by that court. (*Dean* v. *Dean,* 241 N. Y. 240, 244; *Lefferts* v. *Lefferts,* 263 id. 131, 135.) In those cases, as in *Fischer* v. *Fischer* (254 N. Y. 463), the spouse obtaining the foreign divorce went to the foreign State temporarily and for the sole purpose of obtaining the divorce.

It follows that the determination of the validity of the Pennsylvania divorce must be preceded by a determination of the questions of fact, namely, whether this defendant was validly domiciled in Pennsylvania, and, perhaps, whether this plaintiff abandoned the defendant. Those facts must be determined upon a trial. (*Matter of Bennett, supra,* 495.) Therefore, counsel fees in the sum of $100 are granted, but the payment thereof is stayed pending final determination of this action. If it be determined that the divorce obtained by the defendant is valid, the judgment may vacate the order for counsel fees. (*Kramrath* v. *Kramrath,* 231 App. Div. 535.)

Submit order accordingly. No costs.