ELIZABETH OSBORNE TILLINGHAST, Respondent, *v.* FREDERICK TILLINGHAST, Appellant.

Third Department, January 10, 1940.

*Woollard & Morris [Ernest B. Morris* of counsel], for the appellant.

*Sherman & Goldring [Carl Sherman* of counsel], for the respondent.

BLISS, J. This is a separation action based upon cruel and inhuman treatment. The answer sets up as a defense an alleged separation agreement found in a series of letters exchanged between the attorneys for the parties. The husband promised that he would pay a designated sum for the support of the wife and the three children of the marriage but specified that this course was to be followed from month to month only, and only until he should determine to change the amount or the practice. He has made these monthly payments down to the time of the making of this motion. The wife shows that she has no means with which to bear the expenses of the litigation and claims a meritorious cause of action by alleging among other things, many acts of adultery on

the part of the husband. To the latter he makes a *pro forma* denial. The Special Term denied the motion in so far as it sought temporary alimony but granted a counsel fee. The husband appeals from the latter portion of the order.

The promise of the husband to pay alimony was revocable by him at any time. Its performance was optional on his part and could not be enforced by the wife. Legally it was but an illusion and no promise at all, and an insufficient support for any agreement by her. (Restatement, Contracts, § 2; 1 Williston on Contracts [Rev. ed.], §§ 1A, 43, 104; *Komp* v. *Raymond*, 175 N. Y. 102.) Therefore, this alleged separation agreement will not defeat a motion for counsel fees.

But even were we to assume that it is a valid and enforcible promise to pay and accept a specified sum for support, it falls far short of an agreement of separation which would be a defense to this action. A judgment of separation may part a husband and wife forever. (Civ. Prac. Act, § 1161.) It releases them from many of the other obligations of the marital relation besides that of support. The length of the separation, a wife's right to her own earnings, relief from the necessity of living with an inconsiderate or abusive spouse, choice of companions and domicile all are involved and affected by a decree of the court. Freedom in these respects may be quite as important as support. As to all of these incidents of marriage, the agreement in this case is silent. It says nothing about the parties living separate and apart. It deals only with the questions of support and the rearing of the children of the marriage. It is not nearly as broad as the remedy furnished by the courts. Consequently it is not a complete defense to an action for a separation and does not prevent the awarding of a counsel fee to a wife who is otherwise entitled to it.

The order should be affirmed, with ten dollars costs and disbursements.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.