In the Matter of the Application of MERLE COHEN, Petitioner, to Remove MORRIS COHEN, Respondent, as Trustee under a Certain Indenture of Trust.

Supreme Court, Special Term, Kings County, January 23, 1940.

*Silberman & Steinfeld*, for the petitioner.

*Lind & Marks*, for the respondent.

LOCKWOOD, J. This motion was brought on by notice of motion and petition for the purpose of removing the trustee of an express trust of personal property. The petitioner, Merle Cohen, is the wife of the trustee, Morris Cohen. Several years ago they entered into a separation agreement under which the petitioner was given the custody of the nine-year old son of the marriage.

On January 29, 1936, the trustee's father, Louis Cohen, owned 200 shares of stock of Jabec Estates, Inc., which he transferred to himself and his son, Morris Cohen, the infant's father, as trustees. The trust agreement provided that the trustees pay to Morris Cohen out of the income from the trust estate such sums as the trustee may decide were necessary for the maintenance and expense of the infant. The agreement further provides that if one of the named trustees shall die, the survivor shall continue to act as sole trustee and if both trustees shall die, the Corn Exchange Bank and Trust Company shall be designated as trustee.

Louis Cohen died in 1936, since which Morris Cohen has acted as sole trustee. The petitioner alleges that Morris Cohen has failed and neglected to provide for the support and maintenance of the infant for a period of more than nine months, during which time he has been incarcerated in the civil prison for his refusal to pay certain judgments against him. The petitioner further alleges that the said Morris Cohen is an unfit person to be a trustee for the benefit of the infant.

The trustee questions the jurisdiction of the court to remove him in this summary proceeding and states that petitioner's remedy, if any, is by special proceeding which requires a formal petition and answer, joinder of issue, and testimony thereon.

Petitioner rejoins that jurisdiction is expressly conferred upon the court by section 112 of the Real Property Law.

This statute applies only to trusts connected with real estate. (*Hughes* v. *Cuming,* 165 N. Y. 91.) The corpus of this trust estate consists of personal property.

While the Supreme Court undoubtedly has jurisdiction to remove a trustee upon good cause shown in a proper proceeding, petitioner does not call attention to any statutory provision under which a summary proceeding may be brought for the removal of this trustee.

As a general rule, petitions can be presented only in an action already commenced or where the statute specifically authorizes a special proceeding. Accordingly, it appears that petitioner must seek relief by an action in equity. (*Matter of Livingston,* 34 N. Y. 555, 556; *Matter of Van Wyck,* 1 Barb. Ch. 565; *Matter of Bruns,* 156 Misc. 873.) The Special Term for motions has no general equity jurisdiction. (*Barrett* v. *Barrett,* 221 App. Div. 710, 711.)

Petition dismissed without prejudice.