Elizabeth M. Dolan, Plaintiff, v. Harry T. Dolan, Defendant.

Supreme Court, Special Term, Broome County, April 1, 1943.

*Edwin L. LaCrosse* and *John A. Bolles* for plaintiff.

*Harry T. Dolan,* in person, defendant.

Deyo, J.  This is a motion for counsel fees in an action which the plaintiff herein has brought to set aside as inadequate a separation agreement heretofore entered into between the parties, which it is admitted is still in full force and effect, and for a separation on the grounds of cruel and inhuman treatment and conduct rendering it unsafe and improper for the plaintiff to cohabit with the defendant.

Had the plaintiff elected to first bring an action merely to set aside the separation agreement, no counsel fees could have been awarded. (*Johnson* v. *Johnson,* 206 N. Y. 561.)  Had she been successful in such an action and had then sued for a separation, counsel fees could have been awarded on a proper showing. (Civ. Prac. Act, § 1169.)  She has elected, however, to combine the two causes in one action.  Under such circumstances the Appellate Division of this Department has specifically held on substantially identical facts, that the relief herein sought may not be granted. (*Davis* v. *Davis,* 195 App. Div. 430 [3rd Dept. 1921].)  The court (per Kiley, J.) therein stated (p. 431): " The contract set out by the plaintiff in her complaint is a legal contract and stands until set aside.  The separation part of the action does not come in until the setting aside of the contract is an accomplished fact.  The court was in error in allowing counsel fee or alimony."  Subsequent decisions in this Department do not reach any contrary result or indicate any change in the attitude of the Appellate Division.  In *Kramrath* v. *Kramrath* (231 App. Div. 533 [3rd Dept. 1931]) the action was for a divorce, not a separation, and the principal question involved was the validity of a decree of divorce granted by a foreign jurisdiction subse-

quent to the marriage. The separation agreement, the very existence of which was denied, was relevant to the issues only insofar as it affected the right to alimony and counsel fees. Under those facts, the court awarded temporary alimony and counsel fees but withheld payment thereof until the validity of the foreign divorce and the existence of the separation agreements had been determined. Mr. Justice PERSONIUS reached a similar decision on similar facts in *Card* v. *Card* (171 Misc. 217). It must be borne in mind, however, that these two cases involved divorce actions which, of course, would lie regardless of any separation agreement between the parties. In such cases it has been repeatedly held that counsel fees may be awarded despite the provisions of existing separation agreements. (*Collins* v. *Collins,* 80 N. Y. 1; *Blueglass* v. *Blueglass,* 127 Misc. 157; *Reis* v. *Reis,* 14 N. Y. S. 2d 553.)

In *Tillinghast* v. *Tillinghast* (258 App. Div. 350 [3rd Dept. 1940], motion for reargument and leave to appeal denied, 259 App. Div. 761) the decision was to the effect that an agreement which called for the payment of support during the pleasure of the husband, but was silent as to the other incidents of marriage, was not a separation agreement at all, and hence did not constitute either a complete defense to the separation action or a bar to an award of counsel fees. Similarly, an alleged separation agreement which violated the provisions of section 51 of the Domestic Relations Law has been held to constitute no bar to an application for alimony and counsel fees. (*Stone* v. *Stone,* 173 Misc. 774.) In cases arising elsewhere than in the Third Department, we find that similar decisions have been reached. Mr. Justice VALENTE in *Zysman* v. *Zysman* (140 Misc. 617) denied alimony and counsel fees on facts almost identical with those involved in the case at bar. A similar decision was reached in *Rosenblatt* v. *Rosenblatt* (209 App. Div. 373 [4th Dept. 1924]. That case, however, may be distinguished by the fact that the plaintiff therein did not seek to have the separation agreement set aside.

The only case which has come to my attention which might be deemed to express a different rule is *De Robertis* v. *De Robertis* (254 App. Div. 811 [4th Dept. 1938]) where the court, in a memorandum opinion, on facts similar to those now before us, reversed an order awarding counsel fees and alimony, apparently on the ground that the moving papers failed to show that there was reasonable probability that the plaintiff would succeed upon her cause of action for a separation. Assuming for the purpose

of argument that this does constitute an out-and-out decision in support of the plaintiff's position, I still feel constrained to follow the explicit directions given me by the Appellate Division of my own Department in the *Davis* case (*supra*).

It is true that as a result of this decision, the plaintiff may be denied financial assistance to which she might have been entitled had she chosen to bring separate actions. That is the result of her election, however, and she must abide by it, at least for the time being.

An order may be submitted denying the motion with ten dollars costs to the defendant, without prejudice, however, to the plaintiff to move again, if, as, and when the separation agreement has been set aside.