IRMA R. HARRIS, Respondent, *v.* CONSTAND HARRIS, Appellant.

Fourth Department, March 12, 1952.

*Keith G. Farner* for respondent.

*Mark N. Turner* for appellant.

WHEELER, J. Plaintiff-respondent's motion for temporary alimony and counsel fees was granted by the Erie County Special Term. In answer to a complaint for a decree of separation the defendant-appellant has alleged, both as a defense and a counter-claim, a prior valid decree of divorce in the State of Illinois. A certified copy of the decree is attached to and made a part of the affidavit of the defendant-appellant in opposition to the motion. In her reply affidavit on the motion, the plaintiff-respondent attacks the foreign decree for lack of jurisdiction by reason of the failure of domicile in Illinois on the part of the defendant-appellant.

As we view it, the issue here is the effect of the prior Illinois decree upon the power of the Supreme Court in this State to grant the plaintiff-respondent's motion for counsel fees and support *pendente lite*. The existence of the foreign decree not being challenged on the motion, the question is squarely presented as to whether its existence, without more, is a bar to the relief granted below.

The Supreme Court has jurisdiction, in the strict sense of the word, to entertain the motion. It has general jurisdiction over all matrimonial actions, but its powers to award alimony and counsel fees in a marital action are solely those conferred upon it by statute. (*Johnson* v. *Johnson*, 206 N. Y. 561; *Doncourt* v. *Doncourt*, 245 App. Div. 91, affd. 275 N. Y. 470.)

Section 1169 of the Civil Practice Act clothes the court with authority to arm the wife with the necessary funds to carry on or defend the action, and to support herself and children during the pendency thereof. The plaintiff-respondent contends that her action is obviously a matrimonial action and, as such, comes under the provisions of that section. It is, however, not quite that simple; it does not follow that the court may grant relief solely for the reason there is jurisdiction in the first instance to entertain the motion. The motion of an alleged wife for counsel fees or support *pendente lite* may fall because the affidavits fail to show an existing valid marriage. (*Kramrath* v. *Kramrath*, 231 App. Div. 533. See, also, *Card* v. *Card*, 171 Misc. 217.)

The evidentiary matter contained in the affidavits upon the motion indicate, prima facie, at least, that there is no existing marriage upon which the action of the plaintiff-respondent may be founded and, a fortiori, no ground upon which the alleged wife may be granted the relief authorized by section 1169 of the Civil Practice Act. The plaintiff-respondent here is faced

with the prior Illinois decree, which must be recognized by our courts as a valid judgment dissolving the marriage of the parties until its nullity has been proved by competent evidence. (*Williams* v. *North Carolina,* 317 U. S. 287, 325 U. S. 226; *Esenwein* v. *Commonwealth,* 325 U. S. 279; *Matter of Franklin* v. *Franklin,* 295 N. Y. 431; *Matter of Holmes,* 291 N. Y. 261; *Axelrod* v. *Axelrod,* 277 App. Div. 1053.)

In other words, the validity of the foreign decree destroys the very ground upon which the plaintiff-respondent's complaint and motion both necessarily rest, i.e., the fact that the plaintiff in her action is the wife of the defendant. It seems not a little illogical, to say the least, to recognize the validity of a foreign decree which has dissolved the marriage and at the same time acknowledge the present existence of the marriage for the purpose of an action in this State. "Instinct in these [cited] and other decisions of this court is the rule that the foreign judgment of divorce will be given full force and effect as a judgment *in rem* dissolving the marriage of the plaintiff until impeached by evidence which establishes that the court had no jurisdiction over the *res.*" (*Matter of Holmes, supra,* p. 273.)

While under section 1169 the plaintiff-respondent would not be entitled to either support or counsel fees, another section of the Civil Practice Act offers her some relief. Section 1169-a, added by the Laws of 1945 (L. 1945, ch. 559), appears to have been motivated by recognition of the problem facing the New York State wife divorced by the decree of a sister State. In providing her with the means to attack or defend against the foreign judgment, the section has merely implemented the rights remaining to the wife whose marriage has been dissolved by that foreign judgment.

Defendant-appellant contends that the action from which the instant motion springs is purely a matrimonial action and not an action defined or contemplated in section 1169-a. However, we feel that the defendant's demand upon his counterclaim for a declaratory judgment regarding the Illinois decree is, to all intents and purposes, an action to declare the validity of a foreign judgment of divorce. Section 1169-a is, if nothing else, an expression of the legislative intent that the wife faced with a foreign divorce decree should be entitled to the means to assert her right to attack or defend against that decree. The policy of the State has been asserted, and is most certainly responsive to the current law regarding the validity of the matrimonial judgments of a sister State.

It should be noted, however, that the section is limited to counsel fees and makes no mention of alimony. This, too, is consistent with the present state of the law, the Legislature apparently acknowledging the inconsistency of allowing support for the alleged wife in the face of recognition of the fact that she is not a wife. We believe the intent of the Legislature is that a plaintiff wife in the situation in which the plaintiff-respondent here finds herself should have counsel fees in order for her to proceed.

The order appealed from should be modified by striking therefrom the provision for support *pendente lite* and, as modified, affirmed.

All concur, except PIPER, J., who dissents and votes for affirmance. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Order modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.