Louis L. Friedman, J.
The parties hereto were married on September 15, 1938. Because of the development of marital friction, they entered into an agreement of separation on March 8,1954. Pursuant thereto the defendant husband agreed, among other things, to pay to the wife the sum of $110 per week to support and maintain her and the issue of the marriage. The parties further agreed that “ so long as the husband complies with and fulfills the terms of this agreement, the wife waives all present and future rights to apply to any court for temporary or permanent alimony or counsel fees. ’ ’
Plaintiff charges that during January, 1955 defendant purported to obtain a Mexican decree of divorce. She charges that she was not served with process in that action nor did she appear therein. She also charges that subsequent to the issuance of such decree, her husband entered into an ostensible marriage with another.
By way of the present action she seeks a determination declaring the nullity of the Mexican decree; and also a judgment of separation predicated upon defendant’s alleged adultery. She also seeks in an action, which has been independently instituted, a judgment setting aside the separation agreement upon grounds unnecessary to discuss herein.
She now moves for an order directing the defendant to pay alimony and counsel fee; for relief pursuant to section 1164-a of the Civil Practice Act, and for an order directing the consolidation of the above-mentioned actions.
*469 Plaintiff does not urge nor do the papers hereon disclose any default on defendant’s part in his performance of the obligations incurred by the separation agreement. In consequence, unless and until that agreement is set aside by judicial fiat, i.e., until such vacatur becomes an accomplished fact, a bar exists to the award of alimony and counsel fee. (See Dolan v. Dolan, 179 Misc. 960, and cases therein cited.)
In Davis v. Davis (195 App. Div. 430) it is pointed out that alimony pendente lite and counsel fee should not be granted in an action for separation unless plaintiff first succeeds in setting aside a prior existing separation agreement. That case is also authority for the fact that the question of the validity of the separation agreement cannot be decided on mere affidavits.
Nor, in her endeavor to procure a judicial nullification of the Mexican decree, do I think plaintiff is entitled to an award of alimony and counsel fee pursuant to section 1169-a of the Civil Practice Act since, in any event, pursuant to the terms of the separation agreement itself she expressly “ waives all present and future rights to apply to any court for temporary or permanent alimony or counsel fees.”
In my opinion the procedure directed by the Appellate Division of this department in Sullivan v. Sullivan (285 App. Div. 967) should be applied herein. That was an action brought by the wife to set aside a separation agreement and for a judicial separation. On appeal, the Appellate Division reversed an order awarding alimony and counsel fee and relegated such question to the trial court for disposition, stating: “ Plaintiff is not entitled to the relief sought by this motion unless the question whether the separation agreement is valid and enforcible is first decided adversely to defendant. Such determination may not be made on the pleadings and conflicting affidavits herein and should, therefore, be left to the' trial court. (Reeve v. Reeve, 279 App. Div. 618.) ”
Plaintiff’s motion for a consolidation of the above-mentioned actions is granted. Plaintiff’s application for relief pursuant to section 1164-a of the Civil Practice Act also granted. The order will provide that defendant continue to pay the maintenance charges on the dwelling house located at 4214 Avenue E, Brooklyn, New York, which premises are owned jointly by the parties. Application for alimony and counsel fee relegated to the trial court for determination.
Settle order on notice.