MORTIMER J. KLOSNER, Respondent, *v.* LORETTA KLOSNER, Appellant.

First Department, February 24, 1956.

*Robert A. Bernstein, J. W. Bernstein* and *Jacob S. Strahl* for appellant.

*Nathan Kestnbaum* for respondent.

*Per Curiam.* This case presents the unusual situation of a husband seeking a divorce in the face of an existing decree of divorce previously obtained by the wife. For the purpose of maintaining his action, the plaintiff husband is necessarily claiming that the decree previously obtained by the wife, a foreign decree, is invalid, hence the marital status between them remains. The defendant wife is maintaining the validity of the foreign decree and challenging the existence of any marital relationship with the plaintiff. The wife's application for a counsel fee to defend the action has been denied upon the ground that in the present posture of the case, with an outstanding divorce of presumed validity, there is no existing marital res constituting the necessary predicate for the allowance of a counsel fee to defend the action. Special Term held that until nullity of the foreign decree had been established no allowance of a counsel fee could be made under section 1169 of the Civil Practice Act, citing *Harris* v. *Harris* (279 App. Div. 542).

We do not regard the holding in the *Harris* case as applicable or controlling in the instant case. The *Harris* case was an action by the wife claiming the existence of the marital relationship and challenging the validity of a divorce previously secured by the husband. The court properly held that until the plaintiff wife overcame the presumptive validity of the outstanding decree she could not claim under section 1169 of the Civil Practice Act temporary alimony for support or a counsel fee to maintain the action. In the present action, however, the wife is not challenging the validity of the decree, but is asserting its validity. Nor is she asserting the existence of any marital status inconsistent with the decree or asking the court for an allowance to make an attack on the decree or maintain any action. Rather, it is the husband who is putting her to the expense and burden of defending the action by challenging the validity of the decree. We perceive no reason in principle or in the provisions of section 1169 of the Civil Practice Act why the wife should

be denied the allowance of a counsel fee to defend this action. Authority for such allowance is to be found in *Marinelli* v. *Marinelli* (280 App. Div. 997).

The order appealed from should be reversed, with costs to appellant, and counsel fee allowed in the sum of $350.

PECK, P. J., BREITEL, BASTOW, BOTEIN and RABIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion for counsel fee allowed in the sum of $350. Settle order on notice.