PHYLLIS STILLMAN et al., Appellants, v. SHELDON STILLMAN, Respondent.— In an action for specific performance of provisions of a separation agreement providing that the defendant should procure and maintain in full force and effect two 20-year-payment life insurance policies in specified amounts and with specified conditions, the plaintiffs appeal from so much

of a judgment of the Supreme Court, Richmond County, entered May 1, 1963 upon the decision of the court after a nonjury trial, as: (1) granted specific performance to the extent that defendant was directed to procure and maintain a policy or policies of *term life insurance* in lieu of the 20-year-payment life insurance provided for in the agreement; and (2) denied costs to the plaintiffs. Judgment modified, on the law and facts as follows: (1) by amending the first decretal paragraph so as to direct the defendant to procure and furnish to the plaintiffs, instead of term insurance policies, two policies of 20-payment life insurance, each for $10,000, as prescribed in paragraph "Sixteenth" of the separation agreement, dated March 1, 1960; and (2) by striking the second and third decretal paragraphs. As so modified, judgment, insofar as appealed from, is affirmed, without costs. Such 20-payment life policies, as directed by the judgment as here modified, shall be procured by the defendant and furnished to plaintiffs within 40 days after entry of the order hereon. Finding of fact No. 8 is reversed. In lieu thereof the following additional findings are made: " (10) That the defendant, by reason of the change in his finances since the separation agreement, offered prior to the trial to substitute term insurance policies instead of 20-payment life insurance policies in the total amount of $20,000, payable to his two children; but that such offer was rejected by the plaintiffs. (11) That despite the change in defendant's finances since the separation agreement, he is presently able to procure 20-payment life insurance policies in the face amount of $20,000, as required by the terms of the said agreement; and that he is presently able to pay the initial premiums on such policies." The evidence clearly established that the defendant had failed to comply with the insurance provisions of the separation agreement, and that the plaintiffs were entitled to specific performance thereof. On the other hand, defendant satisfactorily demonstrated that his financial ability may make it difficult for him to maintain the future payments of the premiums for two 20-year-payment life insurance policies in the face amount of $20,000. The trial court, giving effect to the principle that equity will not decree the performance of an act which may be inequitable or oppressive, directed specific performance of another act — one substituted by the court but not agreed to by the parties. The court is without power to make such substitution. It is firmly established that a court may not modify or change a private contract such as a separation agreement (*Stoddard* v. *Stoddard,* 227 N. Y. 13; *Johnson* v. *Johnson,* 206 N. Y. 561; *Howland* v. *Howland,* 15 A D 2d 122). The defendant has not shown that he is physically or financially unable now to procure the 20-payment life insurance policies. His future financial ability or inability to maintain the premium payments on such policies is presently not material. We therefore direct the defendant to procure such policies in compliance with the separation agreement. Under its insurance provisions the wife is unconditionally entitled to such policies; and, in the event the defendant fails to maintain the premium payments, the wife may do so. For any premiums paid by the wife, she has another remedy: she is expressly authorized by the agreement to seek reimbursement from the defendant. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.