■ EAST MEADOW COMMUNITY CONCERTS ASSOCIATION, Appellant, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 3, COUNTY OF NASSAU, Respondent.— In an action by an unincorporated association to enjoin a district Board of Education from interfering with presentation by plaintiff of a musical concert scheduled for the evening of March 12, 1966 at a stated high school, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered March 1, 1966, which dismissed the complaint after a nonjury trial. Appeal dismissed, without costs. The revocation of the permit by the defendant board on the ground that the performer was a controversial figure was an unlawful restriction of the constitutional right of free speech and assembly. However, the time for the scheduled performance has passed. In fact, the performance was contracted for a date prior to that on which this appeal was presented. Therefore, the controversy is moot. Appellant expressly states that it has no cause for money damages. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur. [49 Misc 2d 643.]

■ BARBARA FARBER, Appellant, v. BENJAMIN FARBER et al., Respondents.— In an action: (1) to rescind and set aside a separation agreement; (2) to declare void a Mexican decree of divorce; (3) to obtain a judicial separation; and (4) to rescind a transfer of certain shares of corporate stock, etc., plaintiff appeals from: (1) an order of the Supreme Court, Queens County, entered May 19, 1965, which granted defendants' motion for summary judgment as to all the causes of action in the amended complaint other than the fourth (which cause had been dismissed previously); and (2) the judgment of said court, entered June 2, 1965, in favor of defendants pursuant to said order. Order and judgment modified: (1) by amending the order so as to (a) deny the motion insofar as it is addressed to the cause of action against the corporate defendant (the cause for rescission of the transfer of stock, etc.) and (b) direct that entry of judgment against plaintiff shall be in favor of the individual defendant only, on all causes which are against him only; (2) by severing said cause of action against the corporate defendant; and (3) by amending the decretal paragraphs of the judgment accordingly. As so modified, order and judgment affirmed, without costs. In our opinion, plaintiff's cause of action to set aside the Mexican divorce decree on the ground of duress is barred by her inexcusable laches. Plaintiff delayed for three years her institution of this action, during which time the defendant husband remarried. Plaintiff is estopped by the existence of the valid divorce decree from attacking the separation agreement, which is approved and incorporated by reference in the decree. (*Fink* v. *Goldblatt*, 18 A D 2d 629, affd. 13 N Y 2d 957.) In our opinion, however, triable issues of fact exist as to the cause of action against the corporate defendant (cf. *Farber* v. *Farber*, 23 A D 2d 721). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.