Arnold L. Fein, J.
Plaintiff moves for (1) summary judgment in the sum of $46,939.20 predicated on the alimony and child support provisions of a separation agreement; (2) dismissal of the counterclaims in the answer of her former husband; (3) counsel fees; (4) leave to enforce that portion of paragraph 7 of the agreement which entitles her to examine defendant’s tax returns once every three years; and (5) to amend the amended complaint to include a demand for all arrears due and owing to the return date of the motion.
Defendant cross-moves (1) pursuant to CPLR 3211 (subd [a], par 7) to dismiss the amended complaint for failure to state a cause of action; (2) for summary judgment granting the relief sought in defendant’s three counterclaims and dismissing plaintiff’s first, fifth and sixth causes of action; and (3) to preclude plaintiff from offering evidence at trial pursuant to CPLR 3042 (subd [c]).
So much of plaintiff’s motion as seeks to amend and update the ad damnum clause of the amended complaint is granted. No possible prejudice can result to defendant from such relief. (CPLR 3025, subds [b], [c]; Rosen v Goldberg, 28 AD2d 1051, affd 23 NY2d 791.)
Two sons were born of the marriage, aged five and eight years at the time of the agreement.
*370 The agreement, entered into on May 3, 1965 during the parties’ 10th year of marriage, provides in pertinent part:
"5. The Husband shall pay to the wife for her support and maintenance the sum of $600.00 per month * * *
"a. Said payments shall be made to the wife whether or not she remarries and shall terminate upon the death of either the Husband or the Wife.
"6. The Husband shall pay to the Wife for the support, education and maintenance of their two children the sum of $500 per month for each child”.
The husband also obligated himself to pay for the children’s education (par 8) and for "traveling or living in foreign countries” related to their education (par 4 [g]). Plaintiff has submitted documentary evidence supporting her claim for reimbursement in the sum of $3,639.20 advanced to cover such expenses.
The agreement also provides that alimony and child support payments are to be increased prospectively every three years by 10% if defendant’s income has increased by at least 10% during the previous three-year period (par 7).
A divorce was procured by defendant in Mexico on May 8, 1965. The agreement was incorporated by reference into the Mexican divorce decree. It appears that both parties have entered into second marriages. Defendant remarried on June 18, 1965, after obtaining the Mexican divorce. Defendant fully complied with all the terms of the agreement for approximately seven years. In January, 1973, however, he ceased making payments under the agreement’s child support and alimony provisions.
Defendant contends that (1) the agreement is invalid in its entirety in that it was conditioned on a "collateral oral agreement” to dissolve the marriage; (2) the alimony provisions in the agreement lacked consideration because plaintiff had remarried prior to its execution; (3) the agreement is against public policy to the extent that it provides for the survival of his obligation to pay alimony beyond the date of plaintiff’s remarriage; (4) he entered into the agreement in reliance upon plaintiff’s false denial that she and her present husband (Alexandre) "were having carnal relations with each other [and] were secretly planning to be married * * * or were married”. Defendant claims he "did not discover the fraud” until 1973.
*371 In his counterclaims defendant seeks repayment of all moneys paid under the alimony and child support provisions of the agreement and demands an accounting of all moneys received by plaintiff for the support of their children. Defendant also claims (1) plaintiff has waived her right to examine his tax returns at this time because she has failed to exercise said right in the past; and (2) since he is required under the agreement to make special payments for his sons’ travel and education he should not be required to pay the child support moneys demanded in the amended complaint while his sons were away from plaintiff’s home.
All of the grounds upon which defendant predicates his affirmative defenses and counterclaims are without merit. The alleged "collateral oral agreement”, even if made, is insufficient to invalidate the separation agreement. The separation agreement contains no "express provision requiring the dissolution of the marriage [nor] for the procurement of grounds for divorce.” (General Obligations Law, § 5-311; Collins v Johnson, 72 Misc 2d 1034, 1035, affd 75 Misc 2d 489; Rosen v Goldberg, supra; Gunter v Gunter, 28 AD2d 666, affd 20 NY2d 883.)
A provision in a separation agreement requiring a husband to make alimony payments after his wife’s remarriage to another is enforceable and is not against public policy. (Collins v Johnson, supra.) As that case notes, the law is well settled that in the absence of a provision in the separation agreement terminating the husband’s obligation on the remarriage of the wife, the husband will be required to comply with his agreement to pay alimony despite the wife’s remarriage. (Graham v Hunter, 266 App Div 576, 579; Gush v Gush, 14 Misc 2d 146, affd 9 AD2d 815.) Nor will the adultery of the wife, even though it be open and notorious, bar her right to alimony under the agreement. (Leffler v Leffler, 50 AD2d 93; Murray v Hassman, 26 AD2d 647, affd 19 NY2d 828.) A fortiori, the obligation survives where express provision is made to continue such payments even after the wife’s remarriage. Nor does the issue turn on the expansion of women’s rights in the age of feminine liberation, nor one’s discomfort at the notion of requiring a man to support a woman who is living with or married to another man. The husband is bound by the clear language of his agreement. (Galusha v Galusha, 116 NY 635; Goldman v Goldman, 282 NY 296; Nusbaum v Nusbaum, 280 App Div 315.)
*372 Defendant’s reliance on Schley v Andrews (225 NY 110) and Sleicher v Sleicher (251 NY 366) is completely misplaced. In Schley, the agreement was held to be invalid because it expressly conditioned alimony upon the wife’s procurement of a divorce. Sleicher held only that the wife was barred from recovering alimony for the period of the wife’s remarriage to another where such second marriage was terminated by an annulment and the agreement provided for termination of support on the wife’s remarriage. Sleicher’s holding that the wife was entitled to resumption of support from her first husband under their separation agreement, after the annulment of her second marriage, would tend to support plaintiff here. However, to this extent Sleicher has since been overruled by Gaines v Jacobsen (308 NY 218), holding that the wife’s remarriage finally terminated her right to support under an agreement so providing, albeit her second marriage was terminated by an annulment. These cases turned on the fact, carefully overlooked by defendant here, that the agreements involved provided for termination upon the wife’s remarriage. The agreement sub judice expressly provides that support of the wife shall continue "whether or not she remarries”.
Defendant’s claim that he was defrauded into signing the agreement because he relied upon plaintiff’s misrepresentations that she had not committed adultery is incredible as a matter of law. It is belied by his own testimony on his oral examination. At pages 29 to 35 of the transcript he describes discussions with plaintiff during the year prior to the separation agreement in which she stated "she desired to continue a relationship with” Jean Claude Alexandre, her present husband. During that period and prior thereto, defendant testified plaintiff went on several "social” trips with Alexandre with defendant’s consent. In "late 1961 or early 1962” he was told by Alexandre’s then wife that plaintiff and Alexandre "had been in various hotels and other places together”. Defendant also testified that he was informed in 1964 that plaintiff and Alexandre "had been having carnal relations”. Defendant’s allegation that he "did not discover the fraud” until 1973 and that he relied on plaintiff’s denial of adultery is incredible. It is palpable that he well knew of his wife’s relationship with Alexandre. Moreover defendant testified that, during the same period and prior to the separation agreement, he himself was having sexual relations with a lady other than his wife. He *373 married her within a month after he obtained a Mexican divorce from plaintiff, incorporating the separation agreement. Palpably there was no reliance by defendant on any alleged misrepresentation by plaintiff as to her relationship with Alexandre.
Moreover, in the light of the information in defendant’s possession at the time the agreement was signed, his first affirmative defense and counterclaim, sounding in fraud in the inducement, is time-barred (CPLR 213, subd 8; Nusbaum v Nusbaum, 280 App Div 315, supra). Defendant has offered no probative evidence whatsoever to support his claim that plaintiff and Alexandre were already married when the agreement was executed. There is no basis for the defense of lack of consideration. (See Tillinghast v Tillinghast, 258 App Div 350; Marine Midland Bank-N. Y. v Batson, 70 Misc 2d 8, 10.)
Defendant is also estopped by his own acts from attacking the validity of the agreement by way of defense or as a basis for a counterclaim for the moneys paid to plaintiff under the agreement. He caused the agreement to be incorporated in the Mexican divorce decree which he obtained over 10 years ago. He remarried in reliance on the Mexican decree. He complied with the agreement for approximately seven years. He does not now seek to set aside the Mexican decree and is accordingly precluded from attacking the agreement incorporated therein. (Harges v Harges, 46 Misc 2d 994; Werber v Werber, 47 Misc 2d 399; Fitzgerald v Morgenstern, 48 Misc 2d 575; Collins v Johnson, 72 Misc 2d 1034 supra.)
Defendant’s allegation that he overpaid plaintiff prior to January, 1973 by making $500 monthly child support payments while he was paying for all of his sons’ boarding school expenses ignores the express language of the agreement. (Stillman v Stillman, 20 AD2d 723.) As stated in Nichols v Nichols (306 NY 490, 496): "The first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguuous, the intent of the parties must be found therein * * * The applicability, to separation agreements, of that fundamental rule, has been affirmed by this court on several occasions.”
Defendant has failed to establish a triable question of fact with respect to his counterclaim for an accounting. In view of the high standard of living to which the children of the parties have been accustomed throughout their lives, defendant has made an insufficient showing in support of his claim *374 that plaintiff failed to apply to the children’s sole benefit all moneys paid to her under the child support provisions of the agreement. (Cf. Denberg v Frischman, 26 AD2d 266, 267; Craig v Craig, 24 AD2d 588.)
Plaintiff is not entitled to recover on her cause of action for counsel fees. In the absence of a provision for counsel fees, an action to enforce a separation agreement does not warrant such relief. (Riemer v Riemer, 31 AD2d 482, 489.) Accordingly, plaintiff’s sixth cause of action is dismissed.
Lastly, defendant’s contention that plaintiff waived her right to examine his tax returns is misplaced, at least with respect to the three-year period prior to the institution of this motion. No showing has been made that defendant has been prejudiced by plaintiff’s delay in invoking the provision of the agreement which entitles her to such examination. (See Glenesk v Guidance Realty Corp., 36 AD2d 852.) Indeed, to the extent that the element of estoppel applies to the facts at bar it clearly does not favor defendant. (See Farber v Farber, 25 AD2d 850.)
Plaintiff is granted summary judgment in the sum of $46,939.20 on the first through the fourth causes of action of her amended complaint. Defendant’s affirmative defenses and counterclaims are dismissed. Defendant’s cross motion is granted only to the extent of dismissing plaintiff’s sixth cause of action, and otherwise denied. Counsel shall arrange for the examination of defendant’s income tax returns by plaintiff covering the years 1971 through 1974 no later than 30 days after service of a copy of the order to be entered herein with notice of entry.
Settle order, providing for a serverance of the fifth cause of action of the complaint and for the examination of defendant’s income tax returns.