In the Matter of the Application of MARY DENISON FIEBIGER for a Determination as to the Validity or Effect of an Alleged Election of MARY LOUISE DENISON, Widow of MELVIN J. DENISON, Deceased, to Take an Intestate Share in the Estate of MELVIN J. DENISON, Deceased, against the Provisions of the Last Will and Testament of MELVIN J. DENISON, Deceased, under Section 18 of the Decedent Estate Law.*

MARY DENISON FIEBIGER, Petitioner, Appellant; MARY LOUISE DENISON, Respondent.

Third Department, November 2, 1938.

* Revg. 166 Misc. 940.

*Staley & Tobin* [*Thomas T. Heney* and *Ellis J. Staley* of counsel], for the appellant.

*Borst & Smith* [*Laurence V. Benedict* of counsel], for the respondent.

CRAPSER, J.   This is an appeal from a decree of the surrogate of Albany county in a proceeding authorized by and brought pursuant to the provisions of section 145-a of the Surrogate's Court Act to obtain a determination as to the validity and effect of an alleged election of Mary Louise Denison, widow of the decedent, Melvin J. Denison, to take an intestate share in his estate against the provisions of his will, under section 18 of the Decedent Estate Law.

The facts in the case were stipulated and were as follows:

Melvin J. Denison, a widower, and Mary Louise Denison, a widow, were married on June 2, 1926.   At the time of their marriage each had a living child by their former marriages, and each owned separate properties.

The separate property of Mary Louise Denison consisted of two farms, unincumbered, savings bank accounts, Liberty bonds and other personal property.

During the period of their marriage, by agreement between them, each shared and paid from their separate property the family living expenses and cost of household maintenance.

Melvin J. Denison had a daughter, Euretha Whitbeck, issue of his former marriage, which daughter was married to Herbert Whitbeck and lived with her husband until her death on January 8, 1931.

Mary Louise Denison, widow of Melvin J. Denison, is eighty-three years of age and has the ownership and use and receives the income from the separate properties which were possessed by her at the time of her marriage to Melvin J. Denison.

Melvin J. Denison died on the 16th day of September, 1937, and left a last will and testament, duly executed February 12, 1936, which was admitted to probate in Albany county on October 13, 1937. Herbert Whitbeck was named as executor in said last will and testament.

On September 2, 1926, Mary Louise Denison and Melvin J. Denison, who had then married, executed and acknowledged their agreement, release or waiver, which releases or waivers were not changed, modified, canceled or revoked during the lifetime of Melvin J. Denison and remained in full force and effect at the time of his death. Said agreements were the free and voluntary acts of the parties and were not induced by any fraud of either party.

The releases executed by Mary Louise Denison and Melvin J. Denison were exactly alike and were as follows:

" THIS AGREEMENT, Made this second day of September, in the year one thousand nine hundred and twenty-six,

" BETWEEN, Mary L. Denison, residing in the Town of Westerlo, Albany County, New York, party of the first part, and Melvin J. Denison, residing in the Town of Westerlo, Albany County, New York, party of the second part.

" WITNESSETH, that the said party of the first part, in consideration of ONE DOLLAR, and other valuable consideration, to her in hand paid, the receipt whereof is hereby acknowledged, hereby agrees, to and with the said party of the second part, as follows: That the said party of the first part, hereby renounces and releases to the said party of the second part, his heirs and assigns forever, all and any right, title, interest or right of dower in any property, both real and personal, that said second party may now be seized of or that he may hereafter acquire. And further that she especially renounces and releases to the heirs at law, next of kin, or legatees and devisees under the last Will and Testament of said party of the second part, should said second party predecease said first party, all and any right, title, interest and right of dower, of every name and nature that said first party might have or be entitled in and to the estate, both real and personal, of said second party, in the event of said second party predeceasing said first party, and of which he may die seized.

" The reason and object of this agreement is, that the parties thereto, having recently married, and each having a child by a prior marriage, and each being desirous that their child shall inherit their property, have entered into mutual or like agreements for the purpose of insuring each to the other, that they will not claim any interest in the estate of the one dying first.

"IN WITNESS WHEREOF, The said party of the first part has hereunto set her hand and seal the day and year first above written.

"MRS. MARY L. DENISON [L. S.]

"In presence of
"H. I. GARDNER.

"STATE OF NEW YORK,⎱ss:
COUNTY OF ALBANY. ⎰

"On this second day of September in the year one thousand nine hundred and twenty-six, before me the subscriber personally appeared Mary L. Denison to me known and known to me to be the same person described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

- "HARRISON I. GARDNER,
"Notary Public."

The proceeding before the surrogate was for a determination of the validity and effect of an election made by Mary L. Denison pursuant to section 18 of the Decedent Estate Law.

It is the contention of the appellant that Mary L. Denison waived and lost her right of election under section 18 of the Decedent Estate Law by reason of the agreement which she signed on the 2d day of September, 1926. The surrogate has held that she did not lose that right and that she has a right of election under section 18 of the Decedent Estate Law.

Section 18 of the Decedent Estate Law reads as follows: "1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section."

Then follow several separate and distinct paragraphs, distinguished by letters and numbers, the only one of interest being subdivision 9, which reads as follows: "9. The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage. An agreement so executed made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section."

On September 2, 1926, three months after their marriage, Mary L. Denison and Melvin J. Denison executed and acknowledged the mutual agreements which give rise to this controversy. Both were identical, and by her agreement Mary Louise Denison renounced and released to the devisees or legatees under the last will and testament of her husband " all and any right, title, interest and right of dower, of every name and nature " which she might have or be entitled to in his estate, both real and personal, should he die first.

Euretha Whitbeck, the child of Melvin J. Denison by his former marriage, died on January 8, 1931. Mary Louise Denison's child is still living. The will of Melvin J. Denison was executed on February 12, 1936, or more than five years after the death of his daughter. These agreements were not disturbed or changed in any way during that time, which is in itself strong evidence that it was understood that the force and effect of the agreements that they had entered into in September, 1926, were that neither should have any interest in the estate of the other. The agreements were a proper compliance with the provisions of section 18 of the Decedent Estate Law. (*Matter of Shapiro*, 154 Misc. 55.)

The particular agreement by which the respondent renounced and released her right to share in the estate was contained in the second paragraph of the agreement.

The reason and object for making the agreement were contained in the third paragraph and do not in any way affect or cut down, alter or nullify the second paragraph of the agreement.

The language of the agreements clearly expresses the purpose; there was no fraud; both understood what they were doing, and the daughter of Melvin J. Denison died more than five years previous to the making of his will.

It is the contention of the respondent that since the parties recited in the agreement that each was desirous of having his or her child inherit the property owned by him or her at the time of their marriage, then upon the death of Melvin J. Denison's only child before the death of either party, the agreement was no longer in force.

The surrogate below agreed with this contention. In this we think he was in error. This construction of the agreement would turn the recitals of the inducing clause of the agreement into a condition subsequent, so that the life of the agreement would be contingent upon the children's existence. No such intention was expressed in the agreement which could easily have been done had that been the intention of the parties. This court has no authority or power to read such a condition into an agreement when it was not expressed by the parties themselves. The courts

cannot and should not make new contracts for parties under the guise of interpreting written instruments. (*Schoonmaker* v. *Hoyt*, 148 N. Y. 425; *Sandberg* v. *Reilly*, 223 App. Div. 59; *Heller* v. *Pope*, 250 N. Y. 132, 135; *Atwater & Co.* v. *Panama R. R. Co.*, 246 id. 519, 524.)

The agreements executed by the parties in this case were in every way sufficient to, and upon the execution, resulted in each of the parties waiving and releasing any interest that he or she might have in the other's estate in case of his or her prior death. (*Matter of Moore*, 165 Misc. 683–691.)

Mary Louise Denison, widow of Melvin J. Denison, is bound by her waiver and possesses no right to elect against the will or his estate.

The decree of the surrogate of Albany county should be reversed and a decree may be entered herein determining that Mary Louise Denison, by her agreement of September 2, 1926, released and waived her right of election to take an intestate share in the estate of Melvin J. Denison under section 18 of the Decedent Estate Law.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Decree of the surrogate of Albany county reversed and a decree may be entered herein determining that Mary Louise Denison, by her agreement of September 2, 1926, released and waived her right of election to take an intestate share in the estate of Melvin J. Denison under section 18 of the Decedent Estate Law.