LEOTA BOEHM, Appellant, v. EDWARD D. BOEHM, Respondent.

First Department, May 29, 1941.

*Irwin Isaacs*, for the appellant.

*Osmond K. Fraenkel* of counsel [*Arnold J. Brock* with him on the brief; *Goldsmith, Jackson & Brock*, attorneys], for the respondent.

DORE, J. The judgment appealed from granted plaintiff a divorce but denied her any support. Plaintiff charged defendant with adultery, demanding judgment of divorce with suitable provision for her support and such other relief as to the court might seem just and proper. Defendant in his answer denied the adultery and for a separate defense set up two separation agreements between the parties, one dated January 30, 1935, the other

December 30, 1935, alleging that the agreements were legal and in full force and effect; that they fully provided for plaintiff's support; that defendant had fully performed all the conditions of the agreements on his part to be performed, and that plaintiff was bound by them. Such defense is deemed denied without the necessity of any reply on plaintiff's part. (*Wade* v. *Strever*, 166 N. Y. 251, 254; *Walker* v. *American Central Ins. Co.*, 143 id. 167, 171.)

After a trial at Special Term, the trial court granted plaintiff a judgment of divorce in her favor against the defendant, but denied her any support on the ground that the separation agreements were valid and subsisting. Plaintiff appeals from so much of the judgment as denied support.

The separation agreement of January 30, 1935, was made in connection with the settlement and discontinuance of a then pending separation action brought by plaintiff against defendant. The agreement recited that there were outstanding orders for temporary alimony to plaintiff and counsel fee to plaintiff's attorney; that defendant was in arrears of accrued weekly alimony payments totaling $280 and counsel fee of $200; and that the husband's financial condition, known to the wife, was "very poor and insufficient to provide for his own livelihood and maintenance." That agreement provided for a lump sum payment of $600 in cash, promissory notes totaling $200 payable in the future, certain articles of furniture stated to be worth $4,000, and an agreement by defendant immediately and irrevocably to transfer to plaintiff a one-third interest in a specified $5,000 life insurance policy. At the time that agreement was made there was then due plaintiff from defendant on account of accrued temporary alimony and counsel fee the sum of $480, and accordingly under its terms plaintiff was to receive for her support, as long as she lived, $120 in cash and the other items specified.

The evidence before us shows that in 1935 defendant received as earnings from his employer $4,424.98; that his earnings for the subsequent years from 1936 to 1940 were annually over $5,000, and in 1939 totaled $6,540. The record fails to show any assignment or transfer by defendant as agreed of the one-third interest in the life insurance policy.

The second separation agreement, dated December 30, 1935, provided a payment of twenty-two dollars and fifty cents from January 1, 1936, to December 31, 1936, and twenty-five dollars from January 1, 1937, to December 31, 1937. Plaintiff adduced evidence to show that toward the end of 1937 when the provision for the said bi-weekly payments was drawing to a close and she

told her husband she would go to court to have the agreements set aside, the parties by mutual consent rescinded the separation agreements and defendant told plaintiff "to forget the agreements," and that so far as he was concerned, the agreements were "dead." This evidence of the new arrangement between the parties is corroborated by defendant's subsequent acts during the two ensuing years. Thus, although the December, 1935, agreement had expired by its terms so far as payments by defendant were concerned, nevertheless defendant during 1938 and part of 1939 paid plaintiff regularly sixty dollars a month, and thereafter, until February, 1940, paid her seventy dollars a month in regular monthly installments. The evidence also shows that defendant had offered plaintiff a new agreement providing future payments to her at seventy dollars a month. This was not signed by either party and plaintiff instituted the present action for divorce.

On the facts adduced in the present record we consider there is sufficient evidence to support a finding that both separation agreements had been rescinded by mutual consent of the parties before the present action was instituted. In that state of facts, the parties having abandoned the agreements, it was unnecessary for plaintiff to ask as part of her relief that they be set aside and canceled; although on the evidence before us there is ample basis for such relief if it were necessary. The agreement of December, 1935, providing for payments for the years 1936 and 1937 had expired by its terms. Its statement purporting to keep the prior agreement of January, 1935, in full force is of no effect, since we hold that agreement had been rescinded by the parties and was null and void.

Special Term in its decision found as findings of fact:

"6. That on or about the 30th day of January, 1935, an agreement of separation was entered into between the plaintiff and the defendant, which agreement, among other things, fully and adequately provided for the support and maintenance of the plaintiff, a copy of which agreement is annexed to these findings and marked Exhibit 'A.'

"7. That said agreement when made was based on adequate consideration and was a valid agreement.

"8. That at the time of the commencement of this action said agreement was and still remains a valid and subsisting agreement in full force and effect.

"9. That the defendant duly performed all the terms and conditions of the said agreement of January 30, 1935, on his part to be performed."

After a careful review of the testimony and the exhibits, we reach the conclusion that the above findings of fact are erroneous and unsupported by the credible evidence. In 1935 when the original separation agreement was made, plaintiff was thirty-nine years of age with a life expectancy of approximately twenty-eight years. The agreement providing for a cash lump sum payment of $120, even if fully performed, and the record shows it was not, was plainly insufficient and wholly inadequate to relieve the husband from his legal liability to support the wife for the remainder of her life. It was, moreover, as the evidence indicates, procured by fraudulent misrepresentation as to defendant's financial condition. What plaintiff received under that agreement was but partial fulfillment of defendant's legal duty to support her in a manner commensurate with his proved ability and earnings. The lump sum payment made was no proper substitute for defendant's obligation to support his wife during her lifetime but an abortive attempt by the husband to avoid his duty. (*Goldman* v. *Goldman*, 282 N. Y. 296, 305; *Garlock* v. *Garlock*, 279 id. 337; *Gewirtz* v. *Gewirtz*, 189 App. Div. 483, 486.)

Section 51 of the Domestic Relations Law provides that " husband and wife can not contract  *  *  *  to relieve the husband from his liability to support his wife." Section 1155 of the Civil Practice Act provides that " The court  *  *  *  dissolving the marriage  *  *  *  may require the defendant to provide suitably  *  *  *  for the support of plaintiff, as justice requires, having regard to the circumstances of the respective parties  *  *  *." As was said in *Goldman* v. *Goldman* (282 N. Y. 296, 302): " The State does not permit the husband to purchase exemption from the marital obligation to provide ' suitably ' for the wife and children, for that is an obligation which concerns the State as well as the parties to the marriage."

Under sections 1155 and 1170 of the Civil Practice Act the court has the power and the duty on the facts disclosed to require the husband to provide suitably for the support of plaintiff " as justice requires, having regard to the circumstances of the respective parties." Findings of fact numbered 6, 7, 8 and 9 are reversed. Conclusion of law No. 1 is reversed to the extent that it declares, " The defendant shall not be required to pay to plaintiff any sums of money for her support and maintenance."

After a review of all the evidence, we hold that permanent alimony at the rate of seventy dollars a month, payable semi-monthly in advance, should be awarded to plaintiff as of November 18, 1940, the date of the interlocutory decree. Appropriate findings of fact and conclusions of law should be submitted on the settlement of the order herein.

The judgment appealed from should be modified as above stated, and, as so modified, affirmed, with costs to the appellant.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment unanimously modified as indicated in opinion, and, as so modified, affirmed, with costs to the appellant. Settle order on notice.