THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO SCIBELLI, Appellant.— Defendant was convicted by a Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], upon two counts of violating section 986 of the Penal Law (book-making). The information charges that he unlawfully engaged in book-making in that he solicited, recorded, registered, forwarded and received bets and wagers dependent upon the results of races to be run. The second count charges him with keeping and occupying a place, other than at a race track of a duly authorized race track association, with books, papers, apparatus and paraphernalia containing records of bets and wagers upon the result of horse races to be run. The only proof offered on behalf of the People was on the part of a police officer, who testified that he entered a vacant store from the rear; that he saw the defendant sitting at a table examining a scratch sheet; that there were fifteen other men in the vicinity of the table examining scratch sheets. The defendant's scratch sheet had no marks or notations upon it, but after the crowd had dispersed, an envelope was found upon the table which contained slips indicating that wagers had been made on horses that were running that day at various race tracks throughout the country. The only evidence from which the guilt of the defendant could be inferred was that he was seated at a table examining scratch sheets, whereas the other occupants of the room were standing around examining scratch sheets. He was not the owner or lessee of the premises. He denied that the slips that were found in the envelope belonged to him and asserted that he was examining the sheets so as to place a bet. There is no evidence in the record from which it can be inferred that because of the arrangement of the furniture the person sitting at the table was in a position to transact business with others in the room and, consequently, the record is insufficient to establish the guilt of the defendant beyond a reasonable doubt. (*People* v. *Richardson*, 287 N. Y. 563; *People* v. *Marra*, 289 N. Y. 703.) Judgment of conviction reversed on the law, the information dismissed, and the fine remitted. Close, P. J., Hagarty, Johnston and Adel, JJ., concur; Carswell, J., concurs in the result.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUBIN SOMMERS, Appellant.— Defendant appeals from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting him of the crime of book-making (Penal Law, § 986). Judgment of conviction reversed on the law, the information dismissed, and bail exonerated, on the ground that the evidence was not sufficient to warrant the finding of guilt beyond a reasonable doubt. (*People* v. *Soshtain*, 288 N. Y. 658; *People* v. *Marra*, 289 N. Y. 703; *People* v. *Richardson*, 287 N. Y. 563.) Close, P. J., Hagarty, Johnston and Adel, JJ., concur; Carswell, J., dissents and votes to affirm.

BENJAMIN RIBAK, Respondent, v. MARTHA RIBAK, Appellant.— Appeal by defendant from an order which denied her motion for additional counsel fees and expenses to enable her to appeal from an order which denied her motion to dismiss the supplemental complaint. Order affirmed, without costs. No opinion. Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ., concur.