THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK PARISI, Appellant.— Defendant appeals from a judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, borough of Brooklyn, convicting him of a violation of section 986 of the Penal Law (book-making). Judgment of conviction reversed on the law, the information dismissed, and the fine remitted, on the ground that the evidence was insufficient to warrant the finding of guilt beyond a reasonable doubt. (*People* v. *Carpenito*, 292 N. Y. 498; *People* v. *Richardson*, 287 N. Y. 563; *People* v. *Marra*, 289 N. Y. 703; *People* v. *Soshtain*, 288 N. Y. 658; *People* v. *Sommers*, 267 App. Div. 883.) Close, P. J., Hagarty, Johnston and Adel, JJ., concur; Carswell, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DUDEN DUDEN, INC., et al., Respondents, against FREDERICK L. DEVEREUX et al., Constituting the Board of Trustees of the Village of Bronxville, et al., Appellants. (Tax year. 1941.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. DUDEN DUDEN, INC., et al., Respondents, against FREDERICK L. DEVEREUX et al., Constituting the Board of Trustees of the Village of Bronxville, et al., Appellants. (Tax year 1942.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. 18 PALMER AVENUE, INC., Respondent, against FRANK C. BOWERS et al., Constituting the Board of Review of the Town of Eastchester, et al., Appellants. (Tax year 1942.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. 18 PALMER AVENUE, INC., Respondent, against WAGNER VAN VLACK et al., Constituting the Board of Review of the Town of Eastchester, et al., Appellants. (Tax year 1943.) Proceeding to review assessments on certain real property in the Village of Bronxville and Town of Eastchester as of March 1, 1941, and March 1, 1942. Final orders modifying and confirming referee's report unanimously affirmed, with one bill of fifty dollars costs and disbursements to respondents. No opinion. Present — Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ.

GUSSIE RAPPAPORT, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained by reason of the sudden stopping of a bus, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ.

ANNA RAPPAPORT, Appellant, v. LOUIS RAPPAPORT, Respondent.— Order denying motion of plaintiff to modify a final judgment of divorce so as to provide therein for payment of alimony by defendant to plaintiff for her support and maintenance, reversed on the law, with ten dollars costs and disbursements, and the matter remitted to the Special Term for the taking of such proof, by a reference or otherwise, as the parties may adduce as to their respective financial circumstances and other material factors, and for determination in accordance therewith. The power derived from the statute to provide for alimony in a reasonable amount is not circumscribed by the prior agreement of the parties (*Goldman* v. *Goldman*, 282 N. Y. 296; *Hoops* v. *Hoops*, 292 N. Y. 428; *Boehm* v. *Boehm*, 262 App. Div. 104) and, in any event, the provision in the prior separation agreement for release of the obligation of the husband in consideration of the sum of $300 is, on its face, a violation of section 51 of the Domestic Relations Law. (*Kyff* v. *Kyff*, 286 N. Y. 71.)· Inasmuch as the learned Special Term justice held that the original application was defective as to notice, his further determination to deny on the merits was unnecessary and, therefore, the merits were not conclusively adjudicated so as to bar the plaintiff from making her present application. Close, P. J., Hagarty, Johnston and Aldrich, JJ., concur; Carswell, J., concurs in result.