CORNELIA O. SKINNER et al., Appellants, *v.* PARAMOUNT PICTURES, INC., Respondent.

Argued May 16, 1945; decided July 19, 1945.

*Arthur F. Driscoll, Milton M. Rosenbloom* and *Howard Alan Guttenberg* for appellants. I. An appellate court has no jurisdiction to hear an appeal unless such jurisdiction is conferred by the Constitution or the statutes. (*People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299.) II. The decision of the court at Special Term was not a dismissal of the complaint on the merits. (*Walker Memorial Baptist Church* v. *Saunders,* 285 N. Y. 462.)

*Louis Nizer* and *Walter S. Beck* for respondent.

LEHMAN, Ch. J. The plaintiffs are the authors of a story entitled " Our Hearts Were Young and Gay." After the story had been copyrighted and published in book form they entered into a contract with the defendant whereby they sold and assigned to the defendant " the sole and exclusive motion picture rights, throughout the world, in and to and in connection with said story; together with the sole and exclusive rights: to use, adapt, translate, subtract from, add to and/or change said story and/or the title thereof and/or any similar title in the making of motion pictures, which expression as hereinafter used shall be deemed to include, but not be limited to, sequels of said motion pictures and/or continuations thereof (provided, however, that they shall be created by or for the Purchaser and shall not be based upon other incidents, episodes or parts of the lives or experiences of the Sellers not contained in said story) ". In the same contract the plaintiffs granted to the defendant the right, subject to specified conditions, to use their names " in connection with any use, version or adaptation which the Purchaser may make of said story ".

Alleging in their complaint that the defendant is planning to exhibit " another motion picture, not based upon the material contained in the said book or story ' Our Hearts Were Young and Gay ', but wholly fictitious, and to use the names of the plaintiffs as the names of two of the characters therein," the plaintiffs brought an action asking judgment " that defendant be enjoined and restrained from using the names of the plaintiffs, or either of them, or the name of Otis Skinner " and that plaintiffs recover damages for the use of their names. After the defendant had served its answer the plaintiffs moved at Special Term for an injunction *pendente lite* against the proposed use of the plaintiffs' names.

The contract between the parties is annexed to the complaint. The defendant in its answer " admits that it proposes to produce, distribute and exhibit a sequel to and/or continuation of the picture entitled ' Our Hearts Were Young and Gay ' as authorized by and in accordance with the terms and provisions of said agreement between plaintiffs and the defendant, which sequel and/or continuation shall be entitled ' Our Hearts Were Growing Up ',"and " that ' Cornelia Otis Skinner ' and ' Emily Kimbrough ' are characters in said scenario." The issue raised

by the pleadings is whether by the terms of the contract the plaintiffs granted to the defendant the right to use their names as characters in the scenario of the proposed picture. Upon the motion for an injunction *pendente lite* the pleadings were supplemented by voluminous affidavits submitted by each side.

It appears without dispute that the material used in the scenario is not taken from the plaintiffs' book or story and is not based on any actual " incidents, episodes or parts of the lives or experiences of the Sellers not contained in said story " but on imaginary incidents and episodes. The only dispute of fact in the affidavits relates to the intention of the parties when they made the contract and their understanding of its language. Evidence relating to such intention and understanding is relevant only if the contract is ambiguous. The justice at Special Term denied the motion for an injunction *pendente lite,* pointing out provisions in the contract tending to support the defendant's contention that the plaintiffs had granted to the defendant the right to use their names in the scenario of the proposed motion picture. " The most that can be said for plaintiffs is that parol evidence may perhaps be admissible at the trial in support of a contrary construction should the view be taken that the contract is not sufficiently unambiguous. Suffice it for the purposes of this motion to hold that plaintiffs have not established that clear right to relief which is a necessary condition of granting a temporary injunction. The motion is denied. If plaintiffs desire an early trial they may submit an appropriate order, subject to the provisions of Rule 150, R. C. P." The order of Special Term dated January 25th, denying the motion for an injunction, provided that the case might be placed at the foot of the Ready Day Trial Calendar for January 29th if either party filed a note of issue.

The plaintiffs appealed to the Appellate Division, and the parties stipulated that " the trial of the issues herein be waived, and that the order made herein by Mr. Justice VALENTE and dated the 25th day of January, 1945, be considered as constituting a decision made after trial and treated as such for all purposes; and that the pending appeal from said order shall be considered and treated as an appeal from a judgment dismissing the complaint on the merits after trial ". The Appel-

late Division affirmed "the order appealed from, which by stipulation is to be deemed a judgment dismissing the complaint," and "ordered that a judgment of affirmance may be entered herein, dismissing the complaint". The plaintiffs have appealed by permission of the Appellate Division from the judgment entered in accordance with that order.

There has been no trial at Special Term and no request by either party for the determination of any issue of fact or law upon which a judgment determining the action might be based. There was only an application for provisional relief and a denial of that application. Even if the denial had been based upon a decision of the court at Special Term that the defendant's threatened action is lawful, that decision would not conclude further contest of the issues both of law and fact in the action. (*Bannon* v. *Bannon,* 270 N. Y. 484.) In truth, however, the application for provisional relief was not denied on the ground that the plaintiffs have no cause of action, but upon the ground that their claim was so doubtful that even provisional relief should be withheld until they established their cause of action at a trial. With the approval of the court at Special Term the parties could, if they chose, stipulate that their controversy should be submitted to the court for final determination upon affidavits instead of testimony in open court. Subject only to limitations imposed by the law of the State, they could by stipulation agree upon the rules of substantive law and procedure that should be applied in determining the controversy by a court of competent jurisdiction. The parties entered into no such stipulation while the case was pending in the court of original jurisdiction. That court has not rendered any final judgment, has never been asked to render such judgment and has never been in a position where it could do so. No judgment dismissing the complaint follows as the result of an affirmance of the order of Special Term.

The Appellate Division is a court of review except where original jurisdiction is conferred upon it by the Constitution or statutes of the State. By express provision of the Legislature "an action, *or special proceeding* " in the Supreme Court where the parties "agree upon a case containing a statement of facts upon which the controversy depends " in accordance with section 546 of the Civil Practice Act " must be tried and

judgment rendered by the appellate division '' (§ 548). The '' trial '' in such cases is by statute limited to questions of law arising upon the statement of the ultimate facts upon which the parties have agreed. Here there has been no submission upon an agreed statement of facts, and the Legislature has conferred upon the Appellate Division no jurisdiction to '' try '' issues either of law or of fact in this action. Indeed, even where the parties have submitted a controversy upon a statement of agreed facts the Legislature has withheld jurisdiction from the Appellate Division to enter a judgment unless the submission is adequate to draw '' conclusions of law determinative of the matter without the necessity of drawing inferences of fact.'' (*Title Guar. & Tr. Co.* v. *Mort. Comm.*, 271 N. Y. 302.) '' The court can draw no inference of fact even from the facts as stipulated.'' (*N. Y. Tel. Co.* v. *Siegel-Cooper Co.*, 202 N. Y. 502, 506.) No stipulation of the parties can confer upon the Appellate Division a power to try an action or to render judgment upon a controversy which the Legislature has withheld from the Appellate Division unless the parties submit their controversy upon a statement of agreed facts.

The question remains whether without a trial the Appellate Division has power to render final judgment upon an appeal taken from an order denying to the plaintiffs relief asked by them pending a trial. The power granted by the Legislature by section 584 of the Civil Practice Act to appellate courts to reverse or affirm wholly or in part or to modify the judgment or order appealed from and '' thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon,'' does not confer upon the appellate court power to render a final judgment upon the rights of the parties unless such rights have been passed upon by the court from which the appeal is taken and the ruling of that court is subject to review upon the appeal. The appellate court may grant a '' motion for judgment which the court below ought to have granted.'' It cannot grant judgment where the court below has never had opportunity to rule upon the rights of the parties. Nor does section 476 of the Civil Practice Act confer upon the Appellate Division power to grant judgment in a case where, as here, the appeal is from an order which neither

grants nor denies judgment to either party, and where the sufficiency of the complaint is not challenged by the defendant, and where the plaintiffs certainly do not admit that the defendant is entitled to judgment.

For these reasons the judgment of the Appellate Division should be reversed, the order of the Special Term affirmed, with costs, and the matter remitted to the Special Term for further proceedings not inconsistent with this opinion

THACHER, J. (dissenting). In view of the stipulation of the parties, my view is that the court below had power to decide this case upon the merits and that we should review its judgment. Since this course is not to be followed, I withhold discussion of the merits upon this appeal.

LOUGHRAN, LEWIS, CONWAY, DESMOND and DYE, JJ., concur with LEHMAN, Ch. J.; THACHER, J., dissents in opinion.

Judgment accordingly.