JACKSON HEIGHTS COURTS, INC., Appellant, v. 171-24TH STREET, JACKSON HEIGHTS, INC., Respondent.— Appeal by plaintiff from a judgment declaring the rights and obligations of the parties with respect to stock of defendant which is held by plaintiff and the relationship of such stock to occupancy, pursuant to a lease, in the apartment house of defendant. Judgment, insofar as appealed from, modified on the law and the facts, by striking out the fourth subdivision of the second ordering paragraph, and by adding to the preceding subdivision the words " and the defendant is obligated to transfer such stock and to issue a certificate therefor." As so modified, the judgment is unanimously affirmed, with $10 costs and disbursements to respondent. There was no present necessity for a determination of the applicability of the Personal Property Law (§ 162 *et seq.*) with respect to a " wrongful " transfer of stock. Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

MILDRED KROLL, Appellant, v. MAX ZIMMERMAN, Respondent.— Action for specific performance by plaintiff, vendor, against defendant, vendee, of a contract for the sale of real property. Without deciding the issues raised by the pleadings and proof, the trial court erroneously assumed that a defense that plaintiff had an adequate remedy had been pleaded. On that assumption the complaint was dismissed with a declaration that the plaintiff had an adequate remedy at law and that there was no equitable jurisdiction. The defendant's position at trial was that plaintiff was entitled to no remedy against him. Equity has long entertained actions of this nature. (*Baumann* v. *Pinckney*, 118 N. Y. 604.) Plaintiff's complaint should not have been dismissed without a determination on the proof of the issues involved. (*Marwede* v. *Commercial Hotel*, 273 App. Div. 984.) The failure to make such decision prevents this court from passing on the merits and rendering final judgment. (*Skinner* v. *Paramount Pictures*, 294 N. Y. 474.) Judgment reversed, with costs to appellant, and the action remitted to Mr. Justice CUFF, who tried the case at Special Term, to decide the case on the merits. Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.

DAVID MARAYNES, Respondent, v. ORSECK BOYS, INC., et al., Appellants, et al., Defendants.— Appeal from order denying appellants' motion to dismiss the complaint for lack of prosecution. Order reversed on the law and the facts, without costs, and the motion granted, without costs. In our opinion, on the facts disclosed by this record, the denial of the motion was an improvident exercise of discretion. Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur.

DOUGLAS A. MORRISON, Respondent, v. RALPH W. E. COX, JR., Appellant.— Action to recover the reasonable value of services rendered in the overhauling and conversion of an airplane to commercial use. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.