■ JOHN CROCE et al., Respondents, v. HENRY FISCHER et al., Appellants, et al., Defendants.— In an action to compel specific performance of a contract to sell real property by appellants Queens Briggs Home Builders, Inc., and Fischer, and to cancel of record a consolidated mortgage held by appellant Advance Funding Corporation, and for other relief, appellant Advance Funding Corporation counterclaims against all the parties, except defendant Columbia Savings & Loan Association, to foreclose said consolidated mortgage. The appeals are from a judgment entered after trial directing appellants Queens Briggs Home Builders, Inc., and Fischer to perform the contract with an abatement of the purchase price; directing the Register of Queens County to cancel the aforesaid mortgage of record, and awarding respondents an extra allowance of $1,358 pursuant to section 1513 of the Civil Practice Act. Judgment modified on the law and the facts by striking from the last ordering paragraph the provision for a special allowance, pursuant to section 1513 of the Civil Practice Act, and as so modified, judgment unanimously affirmed, without costs. The issues raised by the counterclaim of appellant Advance Funding Corporation and the reply of appellant Queens Briggs Home Builders, Inc., are severed and remitted to Special Term for such determination thereon as may be proper. In our opinion, the evidence was sufficient to sustain the judgment directing specific performance by appellant Queens Briggs Home Builders, Inc., which admitted in writing that it was the real contracting party, even though the contract was made with appellant Fischer, its president, and which, in any event, by the same written instrument, ratified the contract which its president had made. It is our opinion further that the evidence sufficiently established circumstances which require a determination that appellants Fischer and Queens Briggs Home Builders, Inc., are estopped to deny, as against respondents, Fischer's authority to act for this corporation, or to invoke the Statute of Frauds as a defense (cf. *Levy* v. *Rothfeld,* 271 App. Div. 973, and *Joehl* v. *Tricarico,* 271 App. Div. 898), even if it be assumed that the statute would, in any event, be available to these appellants to defeat respondents' claim (cf. *Byrne* v. *McDonough,* 114 Misc. 529, affd. 198 App. Div. 908, and

Civ. Prac. Act, § 342). In our opinion, however, the granting of the extra allowance was not justified, under section 1513 of the Civil Practice Act, since the case is not difficult or extraordinary within the meaning of that statute. Since the counterclaim of appellant Advance Funding Corporation was not determined, nor were the issues with respect thereto passed upon at Special Term, we are unable to grant relief thereon against appellant Queens Briggs Home Builders, Inc. (*Skinner* v. *Paramount Pictures,* 294 N. Y. 474; *Kroll* v. *Zimmerman,* 274 App. Div. 1070; *Marwede* v. *Commercial Hotel,* 273 App. Div. 984.) The issues raised by such counterclaim and the reply of appellant Queens Briggs Home Builders, Inc., are, therefore, severed and remitted to Special Term for such determination thereon as may be proper. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.