FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order affirmed, with $10 costs.

CITY OF SYRACUSE, Plaintiff, *v.* WILLIAM G. WRIGHT, and All Other Persons Signing a Petition for a Referendum on a Proposed Local Law to Amend the Charter of the City of Syracuse, Similarly Situated, Defendants.

Fourth Department, May 21, 1956.

*George T. Driscoll, Corporation Counsel,* for plaintiff.

*J. Richard Sardino* for defendants.

*Per Curiam.* The City Home Rule Law provides an orderly procedure for the presentation to the voters of a city of a referendum upon petition of a stated number of qualified electors. In this action it appears that certain preliminary steps have been taken as provided in section 16 of the City Home Rule Law. On April 30, 1956, the common council of the City of Syracuse adopted an ordinance and resolution authorizing the corporation counsel as provided in section 16 to file proper objections to the proposal. It appears that this action was taken and an order to show cause was made returnable in Supreme Court, Onondaga County, on May 7, 1956. Thereafter the parties to this action submitted this controversy to this court upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act. Without passing upon the question, no authority has been cited for such action. It is to be noted that section 16 of the City Home Rule Law specifically provides that a proceeding such as the one brought on in Onondaga County on May 7, 1956 " shall be heard and determined in the manner prescribed by section three hundred and thirty-five of the election law." The latter section provides that " A special proceeding under the foregoing provisions of this article shall be heard upon a verified petition and such oral or written proof as may be offered, and upon such notice to such officers, persons or committees as the court, justice or judge shall direct, and shall be summarily determined. The proceeding shall have preference over all other causes in all courts."

Returning to the present submission before us we find a distinct factual area where the facts are not conceded but on the contrary there is a wide divergence between the parties. Section 19-a of the City Home Rule Law requires that a proposed plan such as the one before us must provide a plan to provide moneys sufficient to meet the proposed expenditures. (Cf. *Matter of Hardwick* v. *Kramer,* 200 Misc. 207, affd. 278 App. Div. 1040, affd. 303 N. Y. 605.) The proponents estimate the cost of the plan to be $685,000. The city disagrees with this estimate and is unable to state what the cost of the plan will be. Moreover, the parties in their submission of agreed facts state that for the year 1957 the city may, within the limits imposed by the Constitution, increase the general tax levy on real property $2,071,223.67 over the amount imposed for the year 1956. Thus two unknown factors are presented in the form of factual questions upon which the parties are not in agreement, namely, the estimated cost of the proposed plan and the over-all increases to be included in the general tax levy on real property for other purposes not only to finance the proposed

plan but for other additional fiscal needs of the city for the coming year. (Cf. *Skinner* v. *Paramount Pictures,* 294 N. Y. 474, 479.)

Thus it appears that the parties are not in agreement upon the facts and have advised us since the oral argument that they are unable to reach such an agreement. Here we have a classic case where the plain language of the statute should be followed and the proceeding should be heard at Special Term upon the verified petition and such oral or written proof as may be offered.

We conclude that the instant submission is inadequate for a decision in favor of either party. The proceeding should be dismissed, without prejudice and without costs to either party.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Proceeding dismissed, without costs and without prejudice to either party.