Samuel H. Hoestadteb, J.
Under date of June 18, 1957 a written agreement was entered into between the plaintiff and the defendants, husband and wife, for the sale by the defendants of the premises 303 West 87th Street, New York City. Though this agreement became effective only on June 18, 1957, when it was signed and delivered by the defendants, in point of fact, its essential terms had been negotiated through a broker and agreed to some weeks before. The written agreement was sent to the plaintiff’s attorney for execution by his client on May 23 and returned signed by the plaintiff on May 27, 1957. In reliance on the sale so agreed upon the plaintiff’s principal executive on May 23, 1957, by written agreement undertook to resell the property at a profit of about $6,000. There is, however, no proof that this resale was communicated or known to the defendants.
Because of matrimonial differences between the two defendants, the defendant wife has refused to consummate the sale by delivery of a deed. Hence the plaintiff has brought this action for specific performance in which the husband, though a -defendant, in effect joins in the plaintiff’s prayer that the property be conveyed to the plaintiff. By cross complaint the husband seeks a determination that he is the sole owner of the property; at the opening of the trial this cross complaint was severed and the issues raised by it are not now before the court.
In the negotiation and execution of the agreement for the sale there was no personal meeting or contact between the plaintiff and either of the defendants. Everything was conducted through the broker and the attorneys. I find that at no time *1011 prior to the refusal of the defendant Dvora Sheinbaum to carry out her agreement by execution and delivery of a deed did the plaintiff know or was it chargeable with knowledge that her execution of the agreement of sale was in any manner contingent upon or related to any existing differences between the two defendants or to the adjustment of those differences and that the plaintiff entered into the agreement in good faith and in the ordinary course of its business operations. It was in no wise concerned with the matrimonial dispute and when it received the written agreement to sell signed by both defendants was entitled to and did in fact assume that, whatever the differences between them, their joint execution of the agreement expressed their considered judgment to sell the property on the terms stated in the, agreement. The hardship which the defendant Dvora Sheinbaum asserts specific performance would visit upon her is wholly collateral and does not stem from any situation the consequences of which should in equity be borne by the plaintiff.
The only remaining contention requiring comment is that because the profits on the plaintiff’s contract of resale are known it has an adequate remedy at law. The normal remedy for breach of an agreement to sell real property is specific performance (Baumann v. Pinckney, 118 N. Y. 604; Stone v. Lord, 80 N. Y. 60) and the buyer may be accorded this relief notwithstanding that he has agreed to resell it. (Restatement, Contracts, § 360.) While the defendant Dvora Sheinbaum cites statements of text writers which would seemingly allow a court to deny specific performance to a vendee who is under contract to resell, no controlling authority to this effect has been called to my attention. In the absence of such authority, the case must be determined upon its own facts. Here, not alone is it uncertain whether the plaintiff could successfully maintain a claim for the profit on its resale — as stated there is no proof of the usual basis for the allowance of a claim for special damages, such as notice to the defendants that the plaintiff had entered into its agreement with them in contemplation of the resale — but it is doubtful, to say the least, whether such damages, even if awarded, would be collectible. It is not to be overlooked that the defendant husband has not refused to honor his contract commitment to the plaintiff, in such situation to subject bim to a judgment for damages is hardly consonant with equity. A judgment against the wife would probably have to be satisfied out of the very property with which we are here concerned. In the circumstances, it cannot be said that the *1012 plaintiff .has an adequate remedy at law and equity dictates that the plaintiff have judgment of specific performance.
The foregoing constitutes the decision pursuant to section 440 of the Civil Practice Act,
Settle judgment.