Bertram Harnett, J.
The issue presented by this motion for summary judgment is whether a realty conveyance from husband to wife given pursuant to a separation agreement can be set aside by a creditor as fraudulent for lack of “fair consideration ”.
By separation agreement dated June 10, 1970, John Batson agreed to deed his interest in jointly owned real property to his wife Miriam. She in turn agreed to waive ‘ ‘ any and all claims to alimony and support, provided she does not become incapable of self support while she still is married to him ”. She also waived her statutory rights of inheritance election. Two days after the signing of the agreement, the Marine Midland Bank-New York commenced an action against Mr. Batson and obtained judgment against him in November, 1970. Meanwhile, in September, 1970, Mr. Batson, pursuant to the separation agreement, executed a deed transferring his joint interest in the subject real estate to his wife.
The bank brings this present action against both spouses to set aside the conveyance as fraudulent. It obtained a default judgment against the husband because of his failure to appear as directed for an examination before trial. Now the bank seeks summary judgment against the wife.
The bank relies entirely on section 273-a of the Debtor and Creditor Law which provides: 1 ‘ Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment ”.
Mrs. Batson does not dispute that an unsatisfied judgment in the first action against her husband is outstanding. She does contend that the ‘ ‘ conveyance ’ ’ took place on June 10, when the separation agreement was signed, before the action against Mr. Batson was commenced. This raises a questioned distinction between an agreement to transfer property and the transfer itself. The statute merely uses the word ‘ ‘ conveyance ”, and while the agreement to convey predated the lawsuit, the transfer of title took place after its commencement. An enforceable agreement to convey realty does effect a transfer of an equitable interest in the property (Holden v. Effi *10 cient Craftsman Corp., 234 N. Y. 437, 440; Royle Realty Co. v. Juhring, 21 A D 2d 911) and may be the subject of specific enforcement. (Kroll v. Zimmerman, 274 App. Div. 1070; Radiant Realty Co. v. Sheinbaum, 9 Misc 2d 1009.) It therefore can be argued with great force that a conveyance sufficiently effective under section 273-a took place before the lawsuit started. This argument necessarily depends on the existence of an enforceable agreement, which turns on adequacy of consideration. Regardless of when the conveyance took place, it is not assailable if there was a “ fair consideration ” within the statutory concept.
“Fair consideration” is defined under section 272 of the Debtor and Creditor Law as property exchanged “as a fair equivalent ” for other property. Mrs. Batson contends that under the separation agreement she gave “ fair consideration ” in relinquishing her right to support. The bank counters that the waiver does not constitute consideration, relying upon cases which hold that a husband’s promise of future support is not consideration under the statute. (Matter of Oppenheim, 269 App. Div. 1040; Rush v. Rush, 19 A D 2d 846.) However, neither case involves a transfer made to effectuate a matrimonial separation agreement, which presents a different question since it works relinquishment of rights and remedies otherwise conferred by law.
Where the parties create a valid separation agreement, including support payments, the wife will be bound by her agreement. (Goldman v. Goldman, 282 N. Y. 296; Schmelzel v. Schmelzel, 287 N. Y. 21; see Matter of Denison, 255 App. Div. 294, affd. 280 N. Y. 589.) Absent unusual circumstances, she cannot go in for more as freely as she can with support payments fixed by decree.
Moreover, a wife definitely gives up something of value to her when she signs a separation agreement which by law gives her husband grounds, in time, to dissolve the marriage subsequently (Domestic Relations Law, § 170, subd. [6]) and includes a waiver of her widow’s statutory inheritance rights.
The exchange of ‘ ‘ property ’ ’ means the giving of any ‘ * valuable right and interest ”. (See Black’s Law Dictionary, p. 1382 [4th ed.].) The statute does not require the consideration exchanged to be attachable or liquid. It does not require that the husband replace the transferred asset with a durable tangible one, seizable in substitution by a creditor. Indeed, a ‘ * fair consideration ’ ’ for a conveyance can be a consumable item which in ordinary use leaves over nothing. There must *11 simply be a “ fair equivalent ” value conveyed and accepted in good faith.
The notation “nominal consideration ” on the deed itself is not determinative since the considerations pertinent for real estate transfer stamp purposes may not, as a practical matter, apply for other purposes. (See Tax Law, § 1405, subd. [b], par. 4.)
The court recognizes that agreements which relieve a husband of his obligation of support are void (General Obligations Law, § 5-311). Yet, even in view of that statute, a husband and wife may agree upon a measure of support which the courts will uphold. These authorities are clear where the agreed support payments are regular, substantial and periodic, reflecting an understanding of a continuing obligation to support. (See Kyff v. Kyff, 286 N. Y. 71, 74; Jackson v. Jackson, 290 N. Y. 512, 517; DeRobertis v. DeRobertis, 261 App. Div. 476, 479; Ebenstein v. Pritch, 275 App. Div. 256; Rappaport v. Rappaport, 268 App. Div. 1006; Burkhardt v. Burkhardt, 28 Misc 2d 976; cf. McMains v. McMains, 15 N Y 2d 283.) While a lump sum payment of cash or property may be suspect as a purchased exemption from support obligation, there is no reason why parties may not in good faith anticipate a true support measure by one capitalized sum, payable in cash or property.
Competing social considerations, promoted by separate statutes, are at work in the case. On the one hand, there is the need to encourage orderly and amicable settlement of financial affairs between husband and wife who separate, including protection against either spouse becoming a public charge by waiving support rights. (Domestic Delations Law, § 170, subd. [6] ; General Obligations Law, § 5-311.) On the other, creditors who seek to collect their rightful due from out of the debtor’s property deserve protection against the debtor’s giving property away while litigation is pending. (Debtor and Creditor Law, § 273-a.) There seems, however, no overriding policy for favoring commercial creditors over the separated wife who is another type of creditor and no less deserving of protection. Questions of social imminency might even suggest the converse.
The court rules, therefore, that a transfer pursuant to a bona fide enforceable separation agreement is for ‘ ‘ fair consideration ” within section 273-a of the Debtor and Creditor Law.
This is, however, a motion for summary judgment, and questions of fact remain to be established before the rule announced can be applied. There must be a trial of issues of fact, and therefore denial of the motion for summary judgment. The facts to be tried must include (a) the bona fides of the separa *12 tion or matrimonial dispute on litigation eve; (b) the genuineness of the support determination; and (c) the reasonableness of the waiver of the widow’s right of election. If the agreement did not effectively cut off valuable rights against the husband, payments under it are not for “ fair consideration ”.
Accordingly, the motion for summary judgment is denied.